UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

AXLE OF DEARBORN, INC., d/b/a
DETROIT AXLE, a Michigan corporation;
DETROIT AXLE, INC., a Michigan corporation;
and DETROIT AXLE QSSS, INC., a Michigan
corporation,

          Plaintiffs,

v.

DETROIT IT, LLC, and ERIC
GRUNDLEHNER.,

          Defendants.

Case No. 21-cv-10163

Hon.

---

## **NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendants Detroit IT, LLC ("Detroit IT") and Eric Grundlehner ("Grundlehner") (together "Defendants"), through this Notice of Removal, hereby removes this action from the Oakland County Circuit Court to the United States District Court for the Eastern District of Michigan.  The grounds for removal of this action are as follows:

### **Compliance with Statutory Requirements**

1.      On January 22, 2021, Plaintiffs Axle of Dearborn, Inc., d/b/a Detroit Axle, Detroit Axle, Inc., and Detroit Axle QSSS, Inc. ("Plaintiffs") commenced this action by filing a Complaint in the Oakland County Circuit Court, styled *Axle of*

1

*Dearborn, Inc., v. Detroit IT, LLC, et al.*, Case No. 2021-185911-CB, assigned to the Honorable Michael Warren.

2.      On January 25, 2021, Defendants received a copy of the Complaint, Notice of Assignment to Business Court, and Summons (Exhibit A).

3.      Pursuant to 28 U.S.C. § 1446(b), Defendants have filed this Notice of Removal within 30 days of January 22, 2021, the day the Complaint was filed in the Oakland County Circuit Court.

4.      In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the Complaint filed in the Oakland County Circuit Court, on January 22, 2021 (Complaint, Exhibit A), together with the Summons (Exhibit B), and Notice of Assignment to Business Court (Exhibit C) are filed herewith.  Defendants have not served or been served with any other process, pleadings, or orders in this action.

5.      Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly provide written notice of removal of the action to Plaintiffs and will promptly file a copy of this Notice of Removal with the Clerk of the Oakland County Circuit Court.

### Intradistrict Assignment

6.      Plaintiffs filed this case in the Oakland County Circuit Court. Defendant Detroit IT has its principal place of business in Birmingham, Michigan. According to the Complaint, Detroit Axle is "headquartered in Ferndale, Michigan."

(Exhibit A, ¶ 14).  Therefore, this case may properly be removed to the United States District Court for the Eastern District of Michigan.  28 U.S.C. § 1441(a).

7.      Venue in this Court is proper under 28 U.S.C. § 1391 because Oakland County, Michigan, is located within the Eastern District of Michigan, Southern Division.

## Jurisdiction

8.      This Court has removal jurisdiction based on Federal Question Jurisdiction because counts IV, V, and VI of the Complaint arise under the laws of the United States pursuant to 28 U.S.C. § 1331. Count IV is for alleged violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 (Exhibit A, ¶ 87-100).  Count V is for alleged violation of the Federal Wiretap Act, 18 U.S.C. § 2510, *et seq* (Exhibit A, ¶ 101-108).   Count VI is for alleged violation of the Stored Communications Act, 18 U.S.C. § 2701, *et seq* (Exhibit A, ¶ 109-119).

9.      While Defendants vehemently deny Plaintiffs' accusations, the Complaint alleges that the case is over Defendants' alleged "illegal actions in hacking Detroit Axle's network and computer system" (Exhibit A, ¶ 1) which serve as the basis for Plaintiffs' breach of contract claim (count I, ¶ 68-69), request for injunctive relief (count VIII, ¶ 135-139), conversion claim (count XI, ¶ 152-154), civil conspiracy claim (count XII, ¶ 158).

10.     According to the Complaint, Defendant Detroit IT was the information technology ("IT") service provider for Plaintiffs and, at the direction of Eric Grundlehner, breached the parties' contracts, violated federal law, and damaged Plaintiffs by "hacking" into Plaintiffs' computers.  (Exhibit A, ¶ 3-7).

11.     All of Plaintiffs' state law claims arise from the same common nucleus of operative facts and are so intertwined with and related to Plaintiffs' federal claims that they form part of the same case or controversy as the federal claims (counts IV, V, and VI) over which this Court has original jurisdiction.

12.     This Court has supplemental jurisdiction over the state law claims in this case pursuant to 28 U.S.C. § 1367(a).

13.     Defendant Eric Grundlehner is the owner and managing member of Defendant Detroit IT, LLC, all Defendants are represented by the undersigned counsel, and all Defendants consent to and join in this Notice of Removal.

14.     Defendants' Statement of Disclosure of Corporate Affiliations and Financial Interest is being filed contemporaneously herewith.

15.     In filing this Notice of Removal, Defendant expressly reserves and does not waive any defenses or objections to Plaintiffs' Complaint, including but not limited to failure to state a claim upon which relief may be granted.

4

WHEREFORE, for the foregoing reasons, Defendants respectfully request this case proceed in this Court as an action properly removed from the Oakland County Circuit Court.

Respectfully submitted,

**JOELSON ROSENBERG, PLC**

By:*/s/ Emily R. Warren*
Emily R. Warren (P76675)
Attorneys for Defendants
30665 Northwestern Hwy., Suite 200
Farmington Hills, Michigan 48334
(248) 855-2233
Dated: January 25, 2021          (248) 855-2388 (Fax)
ewarren@jrlawplc.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document along with this Certificate of Service was electronically filed on January 25, 2021, with the Court's e-filing system, and served upon all parties and counsel via first class US Mail and email to:

JAFFE RAITT HEUER & WEISS, PC
Attn: Jonathan H. Schwartz (P70819)
Jonathan E. Sriro (P52100)
Benjamin M. Low (P82834)
27777 Franklin Road, Suite 2500
(248) 351-3000
jschwartz@jaffelaw.com
jsriro@jaffelaw.com
benlow@jaffelaw.com

*/s/ Emily R. Warren*
Emily R. Warren

# EXHIBIT A

a copy of the Notice of Mandatory eFiling visit
www.oakgov.com/efiling.

FILED   Received for Filing   Oakland County Clerk   1/22/2021 3:59 PM

## STATE OF MICHIGAN
## IN THE BUSINESS COURT FOR THE COUNTY OF OAKLAND

**AXLE OF DEARBORN, INC., D.B.A.**
**DETROIT AXLE**, a Michigan corporation;
**DETROIT AXLE, INC.**, a Michigan corporation;
and **DETROIT AXLE QSSS, INC.**, a Michigan
corporation,

        Plaintiffs,

v.

**DETROIT IT, LLC**, a Michigan limited
liability company and **ERIC GRUNDLEHNER**,
an individual,

        Defendants.

Case No. 20-     -CB
Hon.

2021-185911-CB

JUDGE MICHAEL WARREN

---

Jonathan H. Schwartz (P70819)
Jonathan E. Sriro (P52100)
Benjamin M. Low (P82834)
Jaffe Raitt Heuer & Weiss, PC
Attorneys for Defendants
27777 Franklin Road, Suite 2500
Southfield, MI 48034
248.351.3000
jschwartz@jaffelaw.com
jsririo@jaffelaw.com
benlow@jaffelaw.com

---

There is no other pending or resolved civil action arising out of the
transaction or occurrence alleged in this Complaint.

This case meets the statutory requirements to be assigned to the
Business Court.

## VERIFIED COMPLAINT

Plaintiffs Axle of Dearborn, Inc. d.b.a. Detroit Axle, Detroit Axle, Inc., and Detroit Axle

QSSS, Inc. (collectively, "Detroit Axle" or "Plaintiffs") by and through their counsel, Jaffe, Raitt,

Heuer & Weiss, P.C., for their Complaint against Defendant Detroit IT, LLC ("Detroit IT") and

Eric Grundlehner ("Grundlehner," together with Detroit IT, the "Defendants"), states as follows:

## Introduction

1.      This dispute is over Defendants' deficient provision of services and equipment to Detroit Axle, and Defendants' grossly inappropriate and illegal actions in hacking Detroit Axle's network and computer systems in an attempt to extort Detroit Axle into paying them over a hundred thousand dollars in order to regain access to its own computers.

2.      Detroit Axle previously hired Defendants to provide it with IT management services, but after Defendants continually provided wholly deficient services Detroit Axle informed Defendants that it would be utilizing a new IT management provider.

3.      Instead of helping Detroit Axle transition to a new IT management provider, as they agreed to, Defendants hacked Detroit Axle's network and computer systems, changed the passwords to Detroit Axle's accounts and computers, and de-licensed much of Detroit Axle's software.

4.      Defendants held Detroit Axle's entire IT infrastructure ransom, continue to hold Detroit Axle's IT infrastructure ransom, and have attempted to extort Detroit Axle into paying over a hundred thousand dollars for computer equipment that Detroit Axle already paid for and equipment that was never delivered and/or installed.

5.      Because Defendants changed the passwords to Detroit Axle's computers, network hardware, and cloud accounts, Detroit Axle has been locked out of its IT infrastructure and its ability to conduct business has been impaired.

6.      Among other things, due to Defendants' conduct, Detroit Axle is unable to access the internet in many parts of its facilities, which has reduced the ability of those parts of those facilities to operate.

7.      Defendants have also caused Detroit Axle's physical security to be compromised,

as many of the security cameras Detroit Axle utilizes are inoperable, making it unable to maintain sufficient security over its buildings, inventory, and employees.

8.    Detroit Axle is currently unable to onboard new employees, due to the restricted access that it has over its own network and computer system.

9.    Defendants' illicit control over Detroit Axle's IT infrastructure has made it impossible for Detroit Axle to secure its network and computer systems, and Defendants' illicit control allows it to shut down Detroit Axle's operations at its whim.

10.    Ultimately, Defendants have compromised Detroit Axle's IT infrastructure and have caused Detroit Axle a great deal of harm.

11.    In this action, Detroit Axle, among other things, seeks to regain control over its own network and computer systems as all of its business operations are at risk.

12.    A temporary restraining order against Defendants must be entered to stop the irreparable harms they are causing to Detroit Axle and because Defendants must not have control over Detroit Axle's network and computer systems while litigation is ongoing.

13.    Furthermore, Detroit Axle, beyond its monetary damages, is entitled to an injunction against Defendants for their improper and illegal actions, to stop the irreparable harm Defendants have already caused Detroit Axle, and to prevent additional irreparable harm from occurring.

## Parties, Jurisdiction, and Venue

14.    Detroit Axle is a Michigan corporation headquartered in Ferndale, Michigan, that manufactures and sells automotive parts.

15.    Defendant Detroit IT is a Michigan limited liability company whose principal place of business is in Oakland County, Michigan.

3

16.     Defendant Eric Grundlehner is an individual. Grundlehner is the founder of Detroit IT, is its President and Chief Technology  Officer, and does business in Oakland County, Michigan.

17.     This Court has jurisdiction, because the amount in controversy exceeds $25,000, exclusive of interest, costs, and attorneys' fees.

18.     Venue is proper under MCL 600.1629.

19.     This action qualifies as a business or commercial dispute under MCL 600.8031.

### General Allegations

20.     Formed in 1990, Detroit Axle is a manufacturer and retailer of automotive parts that operates a physical sales retail location in Ferndale, Michigan and also sells its goods throughout the United States through its website www.detroitaxle.com and through various other online retailers.

21.     As part of Detroit Axle's business, it supplies crucial automotive parts for ambulances, police, and other first responders.

22.     Detroit Axle maintains a prominent presence online, with a great degree of its sales originating from its e-commerce efforts.

23.     In order to facilitate its business, and its online presence, Detroit Axle relies upon its networking and other computer technology.

24.     Detroit Axle's business requires it to have a robust networking, computer, and IT infrastructure, as any disruption to its computers and/or networks can cause it a great deal of harm.

25.     Thus, Detroit Axle has invested heavily in its computer and networking hardware, software, and its entire IT infrastructure.

26.     In or about April 2020, Detroit Axle began utilizing Defendants' services, for

Defendants to buy computer and networking equipment for Detroit Axle, and for Defendants to provide certain IT managed services for Detroit Axle's Michigan and Juarez, Chicuaha, Mexico offices (the "Services") in exchange for a monthly fee.

27.     The Services included, but were not limited to, the maintenance of server and domain administrative accounts, maintenance of Detroit Axle's network infrastructure, maintenance of cloud management administrative accounts, maintenance of cloud application administrative accounts, maintenance of on premise administrative accounts, and maintenance of external DNS administrative accounts.

28.     Beyond providing the Services, Defendants agreed that they would assist Detroit Axle if Detroit Axle chose to change to a new IT services provider in the future.

29.     However, while Detroit Axle engaged Defendants' services, it did not enter into a written agreement with Defendants for the Services.

30.     Because Detroit Axle trusted Defendants to provide the Services in a professional manner, it provided access to its entire IT infrastructure to Defendants, including, but not limited to, administrative access to all of its hosting, cloud, and online accounts along with its networking hardware and computer systems – in essence, Detroit Axle gave Defendants the keys to its entire business.

31.     Between July 22, 2020 and December 8, 2020, Detroit Axle executed price quotes and paid for invoices for equipment and software Defendants purchased for Detroit Axle (the "Detroit Axle Equipment") for upgrades to Detroit Axle's IT infrastructure (the "Invoices"). *See* Paid Invoices, attached as **Exhibit A**.

32.     In total, Detroit Axle paid $173,270.95 to Defendants largely for the Detroit Axle Equipment and the installation of the Detroit Axle Equipment.

5

33.     Defendants represented to Detroit Axle that they had purchased and installed all of the Detroit Axle Equipment in Detroit Axle's Michigan and Mexico offices.

34.     However, Detroit Axle discovered that Defendants only installed a fraction of the equipment that Detroit Axle purchased, and much of the equipment that Defendants represented was installed was never actually installed.

35.     On or around December 7, 2020, at approximately 10:00 a.m., Detroit Axle notified Defendants that it would begin transitioning to a new service provider for its IT services and requested that Defendants cooperate in this transition to avoid any disruption in its business operations.

36.     Detroit Axle requested that Defendants provide it with all passwords and accounts used for the Services.

37.     Detroit Axle was transitioning to a new service provider for IT services because Defendants had breached their agreement with Detroit Axle by failing to perform their job responsibilities.

38.     At approximately 1:30 p.m. on December 7, 2020, Detroit Axle's new IT services provider verified that it was given permission to proceed with gaining access to Detroit Axle's systems in order to support its operations moving forward. At this time the new IT services provider began removing Defendants' access to Detroit Axle's network and computer systems.

39.     Between 1:30 p.m. and 5:00 p.m., Detroit Axle's new IT services provider removed Defendants' access from Detroit Axle's systems, including, but not limited to, its Google Workspace, Active Directory/Windows domain, and Meraki dashboard.

40.     However, instead of assisting Detroit Axle with the transition to a new IT services provider, at 6:46 p.m., Defendants entered Detroit Axle's network through remotely connecting to

a PC inside of Detroit Axle's network and began changing passwords and de-licensing software that Detroit Axle had changed related to its transition of services to a new IT provider.

41. Defendants used one of Detroit Axle's employee's "super admin" access within Google Workspace to reset the password to the Google Workspace, and at 6:49 p.m. they reset the password to the administrative account that was being used by Detroit Axle's new IT services provider.

42. At 7:14 p.m., Defendants then reset Detroit Axle's Meraki Dashboard in order to gain access to Detroit Axle's firewall, which gave Defendants access to Detroit Axle's internal network and computer systems.

43. Defendants then revoked all other access to Detroit Axle's Meraki firewall, which has resulted in Detroit Axle being unable to access or control its firewall – meaning that Detroit Axle no longer had control over its internet and/or network security.

44. During this timeframe, Defendants removed access to other systems that Detroit Axle used with its vendors, including, but not limited to GNT Consulting, whom is responsible for supporting Ship Exec server functions.

45. That loss of access meant that Detroit Axle, among other things, was no longer able to access its database server in Juarez, Mexico.

46. Furthermore, Detroit Axle discovered that Defendants had further intrusions onto its network and computer systems when Detroit Axle's employees began noticing that their computers were acting strangely.

47. Namely, Detroit Axle's employees reported seeing computer mouse movements on workstations that were not being used, due to Defendants' unauthorized access.

48. Upon information and belief, Defendants also intercepted and/or accessed Detroit

Axle's private and confidential information without authorization, including, but not limited to, Detroit Axle's emails.

49.     Defendants, through the above actions, locked the Detroit Axle's network so that Detroit Axle could not continue with its transition to a new service provider and refused to turn over Detroit Axle's passwords and/or accounts until it paid a ransom fee of over $100,000.00.

50.     Defendants later revised their ransom demand to $185,000.00, alleging that Detroit Axle must pay additional amounts for equipment that was never delivered that was listed on a fraudulent inventory.

51.     Detroit Axle asked for proof of delivery of the equipment that Defendants claimed, but Defendants refused to provide any proof, and instead threatened to barge into Detroit Axle's facility on Monday, January 25, 2021 at 8 am.

52.     Upon information and belief, Grundlehner was the mastermind behind Defendants' actions, and ordered and authorized Detroit IT's agents and/or employees to perform their illegal conduct.

53.     Defendants have blocked Detroit Axle's access to and failed to return and/or remove their administrative access to Detroit Axle's cloud-based accounts, including, but not limited to:

- Microsoft 365, which is used for the licensing of Microsoft software for all of Detroit Axle's operations and provides access to Detroit Axle's email system through Outlook;

- OZlink, operates Detroit Axle's inventory tracking system and is essential for its accounting system; and

- GoDaddy, which controls access to Detroit Axle's website and domains.

(the "Cloud Accounts").

54.     Defendants have further improperly retained administrator and/or root access to

8

Detroit Axle's local IT infrastructure, including but not limited to Detroit Axle's:

- iCAS Server, which facilitates Detroit Axle's point of sale system;

- Meraki Dashboard, which controls and maintains all of Detroit Axle's firewalls;

- UniFi Controllers, which controls and maintains Detroit Axle's network switches and wireless access points;

- Vmware, which is used to manage the physical server that runs Detroit Axle's virtual Windows servers; and

- Individual local Windows computers.

the ("Local Accounts" together with the Cloud Accounts, the "Computer Accounts").

55.     The Computer Accounts, hardware, and software that Defendants have improperly refused to remove their administrative access to and/or return to Detroit Axle allows Defendants to continue to have unfettered access to all of Detroit Axle's IT infrastructure, confidential information, and trade secrets.

56.     Upon information and belief, Defendants continued to improperly use their administrative access without authorization to continue to infiltrate Detroit Axle's IT infrastructure and access and/or intercept Detroit Axle's confidential information and/or emails.

57.     Furthermore, if said access is not properly removed and/or returned to Detroit Axle, it will cripple Detroit Axle and render it incapable of operating its business.

58.     In fact, Defendants' actions have already severely harmed Detroit Axle's business – because of Defendants' intrusion onto Detroit Axle's network and computer systems, and Defendants' changing of the passwords for the Accounts, Detroit Axle is unable to access many of its computers, its camera system, is unable to onboard employees, is restricted in its access to emails, and its general operations have been severely hindered.

59.     As more fully explained in the affidavit of Dan Mayer, Defendants' control over

9

Detroit Axle's IT infrastructure has rendered it impossible for Detroit Axle, or its current IT services provider, to install software, update software, and secure Detroit Axle's IT infrastructure – all of which puts Detroit Axle's operations at risk. *See* **Exhibit B.**

## COUNT I
**Breach of Contract**
**(Detroit IT)**

60.     Detroit Axles reasserts and incorporates all the prior paragraphs as though fully stated herein.

61.     In or about April 2020, Detroit Axle began utilizing Detroit IT for the Services.

62.     The Parties' agreement for Detroit IT to provide the Services in exchange for a monthly fee is a binding and enforceable contract.

63.     Detroit IT was required to provide the Services in a professional and workmanlike manner.

64.     Instead, Detroit IT failed to perform the Services in a professional and workmanlike manner, including, but not limited to, not responding to communications and/or requests from Detroit Axle in a timely manner and failing to install the network and/or computer equipment necessary for Detroit Axle's operations.

65.     Detroit IT's poor performance caused Detroit Axle's business and operations to be damaged.

66.     Pursuant to the Parties' agreement, Detroit IT was required to, upon Detroit Axle's request, provide assistance to Detroit Axle to transition to a new IT service provider.

67.     On December 7, 2020, Detroit Axle requested that Defendants help its transition to a new IT service provider, due to Detroit IT's poor service.

68.     Instead of helping Detroit Axle to transition to a new IT service provider,

Defendants have instead held Detroit Axle's passwords and accounts hostage, and Defendants have refused to turn over access and/or control of Detroit Axle's computer and network systems to Detroit Axle and/or its new IT services provider.

69.     By its actions, as described above, Detroit IT has breached its obligations under the Parties' agreements.

70.     Detroit Axle has been damaged in an amount to be determined at trial, but in excess of $25,000.00, exclusive of interest, costs, and attorneys' fees, by Detroit IT's breach of its agreements.

WHEREFORE, Detroit Axle respectfully requests a judgment in its favor and against Detroit IT in an amount in excess of $25,000.00 plus interest and its costs and attorneys' fees incurred in exercising its rights and remedies, and such other and further relief as this Court deems just and proper under the circumstances.

## COUNT II
### Breach of Contract
### (Detroit IT)

71.     Detroit Axles reasserts and incorporates all the prior paragraphs as though fully stated herein.

72.     Between July 22, 2020 and December 8, 2020, Detroit Axle paid $173,270.95 for the purchase and installation of equipment from Detroit IT, pursuant to the Invoices. **Exhibit A**.

73.     The Invoices were binding and enforceable purchase agreements between the Parties.

74.     Pursuant to the Invoices, Detroit IT was obligated to procure and install the equipment Detroit Axle purchased at Detroit Axle's Michigan and Mexico offices.

75.     Instead of fulfilling its obligations under the Invoices, Detroit IT failed to procure

and/or install numerous pieces of equipment that was purchased by Detroit Axle.

76.     By doing so, Detroit IT has breached its obligations and its agreement with Detroit

Axle.

77.     Detroit Axle has been damaged in an amount to be determined at trial, but in excess

of $25,000.00, exclusive of interest, costs, and attorneys' fees, by Detroit IT's breach of the

Invoices.

WHEREFORE, Detroit Axle respectfully requests a judgment in its favor and against

Detroit IT in an amount in excess of $25,000.00 plus interest and its costs and attorneys' fees

incurred in exercising its rights and remedies, and such other and further relief as this Court deems

just and proper under the circumstances.

**COUNT III**
**Fraud and/or Misrepresentation**
**(Detroit IT and Grundlehner)**

78.     Detroit Axles reasserts and incorporates all the prior paragraphs as though fully

stated herein.

79.     Defendants made a material representation that Detroit IT installed the Detroit Axle

Equipment that Detroit Axle fully paid for at Detroit Axle's Michigan and Mexico locations.

80.     Defendants further represented that Detroit IT installed some additional equipment

at Detroit Axle's Michigan and Mexico locations.

81.     However, instead of installing all of the equipment it represented they did,

Defendants only installed a fraction of said equipment.

82.     Defendants have demanded additional monies for equipment that they have

represented that they have installed, but have failed to.

83.     Defendants knew that they would not, or did not, install the Detroit Axle Equipment

and additional equipment that they represented they would install and/or was installed when they demanded payment for the equipment.

84.     Defendants made said misrepresentations with the intention that Detroit Axle would act upon them and pay for equipment that was never installed and/or received.

85.     Detroit Axle relied upon Defendants' representations and paid for the Detroit Axle Equipment and looked to purchase the rest of computer equipment that was necessary for its operations.

86.     Detroit Axle has been damaged in an amount to be determined at trial, but in excess of $25,000.00, exclusive of interest, costs, and attorneys' fees, by Defendants' fraud and/or misrepresentation.

WHEREFORE, Detroit Axle respectfully requests a judgment in its favor and against Defendants, jointly and severally, in an amount in excess of $25,000.00 plus interest and its costs and attorneys' fees incurred in exercising its rights and remedies, and such other and further relief as this Court deems just and proper under the circumstances.

## COUNT IV
### Violation of the Computer Fraud and Abuse Act, 18 U.S.C. §1030
### (Detroit IT and Grundlehner)

87.     Detroit Axle reasserts and incorporates all prior paragraphs as though fully stated herein.

88.     In addition to its criminal penalties, the CFAA gives a private cause of action for the damage and losses caused by the intentional, unauthorized, access of a protected computer.

89.     During the relevant period, Defendants were not authorized to and/or exceeded their authorization to access Detroit Axle's computers, the computer servers Detroit Axle's services were hosted on, and/or Detroit Axle's computer network.

13

90.     Defendants were not authorized to control Detroit Axle's workstation computers when they were not being used, nor were Defendants authorized to take control of the mice of said computers.

91.     Upon information and belief, Defendants also intentionally and without consent, permission, or authorization gained access to confidential and sensitive information through Detroit Axle's computer and network systems.

92.     Defendants continued their conduct after Detroit Axle outright revoked Defendants' access to Detroit Axle's computer and network systems.

93.     In fact, after they were told that Detroit Axle would no longer be utilizing their services, Defendants accessed Detroit Axle's computer and network systems and revoked licenses and changed Detroit Axle's passwords.

94.     Defendants took said actions with the intent to extort Detroit Axle and demanded payment to restore Detroit Axle's access to its own computer and network systems.

95.     Detroit Axle's computer and network systems are protected computers which at all relevant times operated and affected interstate commerce.

96.     Defendants' intentional access of the protected computers caused loss and damages to Detroit Axle, including, but not limited to, costs incurred in Detroit Axle's attempts to regain ownership of its computer systems and accounts, costs incurred in securing its computer systems, and costs of investigation as to which computer systems have been affected by Defendants' conduct.

97.     Detroit Axle's damages from Defendants' unauthorized access exceed $5,000.00.

98.     Defendants took all such actions knowingly and intentionally and without Detroit Axle's consent or permission and in violation of the Computer Fraud and Abuse Act.

99.     As a direct and proximate result of Defendants' unlawful and improper actions, Detroit Axle has suffered losses in an amount to be proven at trial.

100.    Punitive and exemplary damages are appropriate because Defendants' actions were willful and intentional.

WHEREFORE, Detroit Axle respectfully requests a judgment in its favor and against Defendants, jointly and severally, in an amount in excess of $25,000.00 plus interest and its costs and attorneys' fees incurred in exercising its rights and remedies, along with punitive damages, and such other and further relief as this Court deems just and proper under the circumstances.

## COUNT V
### Violation of the Federal Wiretap Act, 18 U.S.C. § 2510 *et seq*
### (Detroit IT and Grundlehner)

101.    Detroit Axle reasserts and incorporates all prior paragraphs as though fully stated herein.

102.    Upon information and belief, Defendants used remote desktop software to access and monitor Detroit Axle's computer systems to perform activities that were not part of their duties as part of the Services.

103.    Upon information and belief, Defendants continued to use remote desktop software to access and monitor Detroit Axle's computer systems after Detroit Axle informed Defendants that it would no longer be utilizing Defendants' services.

104.    By doing so, Defendants were not an authorized user of Detroit Axle's computer systems and/or networks, and/or exceeded their authorization.

105.    Without authorization, Defendants contemporaneously intercepted Plaintiff's electronic communications via remote desktop software, and/or other software, and used those communications for their own benefit and gain.

106.    Defendants took all such actions knowingly and intentionally, with the intent to harm Detroit Axle.

107.    Punitive and exemplary damages are appropriate because Defendants' actions were willful and intentional.

108.    This Court should award Detroit Axle its attorneys' fees under 18 U.S.C. § 2520(b)(3).

WHEREFORE, Detroit Axle respectfully request that this Court enter a judgment in its favor and against Defendants, jointly and severally, grant Detroit Axle damages against Defendants, including, but not limited to, actual damages, punitive and statutory damages, plus its costs and attorneys' fees, and any such other and further relief as the Court deems just and proper.

### COUNT VI
**Violation of the Stored Communications Act, 18 U.S.C. § 2701 *et seq***
**(Detroit IT and Grundlehner)**

109.    Detroit Axle reasserts and incorporates all prior paragraphs as though fully stated herein.

110.    The SCA prohibits the intentional access of a facility through which an electronic communication service is provided without authorization, or intentionally exceeding authorization to access that facility, and the obtaining, altering, or prevention of authorized access to an electronic communication while it is in electronic storage in such system.

111.    In addition to its criminal penalties, the SCA provides a civil cause of action for any person aggrieved by any violation of the SCA.

112.    Defendants intentionally and without authorization gained access to confidential and sensitive information stored on a facility through which an electronic communications service is provided by accessing Detroit Axle's computer and network systems and cloud-based accounts,

16

which contained communications between Detroit Axle and its customers and confidential information about Detroit Axle's business.

113.    Defendants have also prevented Detroit Axle from accessing its electronic communications by, among other things, changing the passwords to the Accounts.

114.    Under the SCA, Detroit Axle's computer and network systems and the servers its cloud-based accounts could be accessed through are a facility through which an electronic communication service is provided.

115.    Without authorization, Defendants obtained confidential, proprietary, and sensitive business records and electronic communications of Detroit Axle while they were stored on said computers, networks, and servers.

116.    Defendants' unauthorized access or access in excess of authorization caused actual harm to Detroit Axle, including but not limited to, investigation costs, attorneys' fees, the improper disclosure of confidential and sensitive information, and the costs of securing said computer systems, networks, and/or servers.

117.    Defendants took all such actions knowingly and intentionally and in violation of the SCA.

118.    Punitive and exemplary damages are appropriate because Defendants' actions were willful and intentional.

119.    This Court should award Detroit Axle its attorneys' fees under 18 U.S.C. § 2707(c).

WHEREFORE, Detroit Axle respectfully requests that this Court enter a judgment in its favor and against Defendants, jointly and severally, grant Detroit Axle damages against Defendants, including, but not limited to, actual damages, punitive damages, and statutory

damages, plus its costs and attorneys' fees, and any such other and further relief as the Court deems just and proper.

## COUNT VII
### Injunctive Relief
### (Detroit IT and Grundlehner)

120.    Detroit Axle reasserts and incorporates all prior paragraphs as though fully stated herein.

121.    Between May 22, 2020 and December 29, 2020, Detroit Axle paid over $173,270 to Detroit IT, most of which was for the Detroit Axle Equipment.

122.    After Detroit Axle's notified Defendants it was seeking a new IT services provider, Detroit IT began asserting that it was the owner of the Detroit Axle Equipment, despite the fact that Detroit Axle paid for the equipment.

123.    The Detroit Axle equipment, and any other network and/or computer equipment installed at Detroit Axle's locations, are essential to the operation of Detroit Axle's business, as Detroit Axle relies upon its computer hardware and software in order to operate its business operations.

124.    Despite that, Defendants have threatened to remove the Detroit Axle Equipment and other network and/or computer equipment and/or make it unavailable for use by Detroit Axle.

125.    As set forth above, Detroit Axle will succeed on the merits because it has irrefutable proof that Detroit IT purchased the Detroit Axle Equipment on Detroit Axle's behalf, and that Detroit Axle paid for the Detroit Axle Equipment. **Exhibit A.**

126.    Detroit Axle will suffer irreparable harm to its business if an injunction is not issued here that restrains Defendants from removing and/or otherwise making the Detroit Axle

Equipment and/or other network and computer equipment installed at Detroit Axle's locations unavailable for Detroit Axle's use.

127.   At the same time, Defendants will not be harmed by being enjoined from taking action respective to the Detroit Axle Equipment and/or other network or computer equipment.

128.   Courts routinely protect the public's interest by granting the requested relief in cases similar to the one at bar.

129.   The public interest is served when valid agreements are enforced, and when the proper ownership of property is enforced.

130.   Furthermore, the public interest will be served as Detroit Axle is an essential supplier of automotive parts to emergency services, including, but not limited to, ambulances and police.

131.   The public interest would clearly be served by the enforcement of the Invoices and Detroit Axle's rightful purchase of the Detroit Axle Equipment.

132.   As a result, Detroit Axle is entitled to an injunction against Defendants to prevent Defendants from removing the Detroit Axle Equipment and/or other network and computer equipment installed at Detroit Axle's locations and/or otherwise making the Detroit Axle Equipment and/or other network and computer equipment unavailable for Detroit Axle's use, as the status quo of the Detroit Axle Equipment and/or other network and computer equipment should be maintained.

WHEREFORE, Detroit Axle respectfully requests that this Court enter an injunction in its favor and against Defendant, enjoining Defendants from changing the status quo as it relates to the Detroit Axle Equipment and/or other network and computer equipment installed at Detroit Axle's locations, together with such other and further relief as the Court deems just and proper.

## COUNT VIII
### Injunctive Relief
### (Detroit IT and Grundlehner)

133.    Detroit Axle reasserts and incorporates all prior paragraphs as though fully stated herein.

134.    As set forth above, Detroit Axle will succeed on the merits because it is the owner of the Accounts.

135.    Detroit Axle will suffer irreparable harm to its business if an injunction is not issued here that restrains Defendants from removing Detroit Axle's access to the Accounts, changing the passwords to the Accounts, or otherwise modifying the operation of the Accounts.

136.    Furthermore, an injunction requiring Defendants to return full access to all of Detroit Axle's IT infrastructure is needed to stop the irreparable harm Detroit Axle is already facing due to Defendants' wrongful actions.

137.    At the same time, Defendants will not be harmed by being enjoined from taking action respective to the Accounts, other than properly transferring all credentials of the Accounts to Detroit Axle.

138.    The public interest would be served by an injunction against Defendants from taking action respective to the Accounts, other than properly transferring all credentials of the Accounts to Detroit Axle.

139.    Detroit Axle is entitled to an injunction against Defendants to prevent Defendants from making any changes to the Accounts, returning access to the Accounts and Detroit Axle's network and computer systems to Detroit Axle, or otherwise modifying the operation of the Accounts.

WHEREFORE, Detroit Axle respectfully requests that this Court enter an injunction in its

favor and against Defendants, enjoining Defendants from changing the passwords to the Accounts, or otherwise modifying the operation of the Accounts, and ordering Defendants to return and/or restore Detroit Axle's access to its entire IT infrastructure, together with such other and further relief as the Court deems just and proper.

**COUNT IX**
**Request for Declaratory Relief**
**(Detroit IT)**

140.    Detroit Axle reasserts and incorporates all prior paragraphs as though fully stated herein.

141.    An actual, existing, and bona fide controversy exists between Detroit Axle and Detroit IT with respect to their obligations pursuant to the Services and the ownership of the Detroit Axle Equipment, which can only be determined by an adjudication of a declaratory judgment as provided by law.

142.    Detroit Axle is entitled to a Declaratory Judgment that it is the rightful owner of the Detroit Axle Equipment, and that Detroit IT has no possessory interest and/or rights to the Detroit Axle Equipment.

143.    If Detroit Axle's rights are not adjudicated by way of declaratory action, there will be immediate adverse consequences to Detroit Axle, including, but not limited to, Detroit IT's wrongful removal of the Detroit Axle Equipment which would cripple Detroit Axle's business and damage Detroit Axle's present and future goodwill and relations with its customers.

144.    Furthermore, if Detroit Axle's rights to Detroit IT's help and cooperation to transition to a new IT service provider is not adjudicated by way of declaratory action, there will be immediate adverse consequences to Detroit Axle, including, but not limited to, the inability of Detroit Axle to operate its IT infrastructure and website, leading to an inability for Detroit Axle to

conduct its business which would harm its present and future goodwill and relations with its customers and render it incapable of providing critical automotive parts to emergency services.

WHEREFORE, Detroit Axle respectfully requests that this Court determine that it is the rightful owner of the Detroit Axle Equipment and that Detroit IT is violating the terms of the Parties' agreement by failing to help and cooperate with Detroit Axle's transition to a new IT service provider, and award any other and further relief this Court deems just and appropriate.

### COUNT X
**Unjust Enrichment**
**(Detroit IT)**

145. Detroit Axle reasserts and incorporates all prior paragraphs as though fully stated herein.

146. Detroit IT has received over $173,270 in monies from Detroit Axle for the Detroit Axle Equipment.

147. Thus, Detroit IT has no legal or equitable title to the Detroit Axle Equipment.

148. Furthermore, despite Detroit Axle paying for the Detroit Axle Equipment, Detroit IT failed to provide and/or install some of the equipment.

149. Detroit IT would be unjustly enriched if it was allowed to retain the monies that was paid for the Detroit Axle Equipment and/or the equipment itself.

WHEREFORE, Detroit Axle respectfully requests a judgment in its favor and against DetroittIT in an amount in excess of $25,000.00 plus interest and its costs and attorneys' fees incurred in exercising its rights and remedies, and such other and further relief as this Court deems just and proper under the circumstances.

### COUNT XI
**Common Law and Statutory Conversion**
**(Detroit IT and Grundlehner)**

150.    Detroit Axle reasserts and incorporates all prior paragraphs as though fully stated herein.

151.    Detroit Axle maintained ownership of its network and computer systems, along with the Accounts at all relevant times to this action.

152.    Defendants unlawfully engaged in a distinct act of dominion over Detroit Axle's property, its network and computer systems and the Accounts, by, among other things, changing the passwords to the Accounts to lock Detroit Axle out of the administrative functions of the Accounts and to prevent Detroit Axle from switching IT services providers without paying a ransom to Defendants.

153.    Detroit Axle is in fact unable to access much of the functionality of the Accounts, and has been locked out of many of its network and computer systems due to Defendants' actions.

154.    Defendants used their unlawful dominion over the Accounts for their own benefit to, among other things, extort Detroit Axle into paying a ransom for the return of its access to the Accounts and as a method of revenge against Detroit Axle.

155.    By doing so, Defendants have committed common law and statutory conversion, pursuant to MCL 600.2919a, which entitles Detroit Axle to treble damages and attorneys' fees against Defendants.

WHEREFORE, Detroit Axle respectfully requests a judgment in its favor and against Defendants in an amount in excess of $25,000.00 plus interest, treble damages, along with its costs and attorneys' fees incurred in exercising its rights and remedies, and such other and further relief as this Court deems just and proper under the circumstances.

### COUNT XII
**Civil Conspiracy**
**(Detroit IT and Grundlehner)**

156.    Detroit Axle reasserts and incorporates all prior paragraphs as though fully stated herein.

157.    Defendants, directly and/or through their agents, entered into an agreement to harm Detroit Axle, or acted in concert in a manner that was detrimental to Detroit Axle.

158.    Defendants, illegally, maliciously, and wrongfully conspired with one another with the intent to, and for the illegal purpose of engaging in the impermissible acts described previously in this Verified Complaint.

159.    Defendants' actions, in combination, were tortious and/or unlawful, or in the alternative, were designed to accomplish an unlawful purpose, or accomplish a lawful purpose through unlawful means.

160.    As a result of the conspiracy and Defendants' illegal, wrongful, and tortious acts, Detroit Axle sustained significant damages.

WHEREFORE, Detroit Axle respectfully requests a judgment in its favor and against Defendants in an amount in excess of $25,000.00 plus interest and its costs and attorneys' fees incurred in exercising its rights and remedies, and such other and further relief as this Court deems just and proper under the circumstances.

Respectfully submitted,
JAFFE, RAITT, HEUER & WEISS P.C.

/s/ Jonathan H. Schwartz
Jonathan H. Schwartz (P70819)
Jonathan E. Sriro (P52100)
Benjamin M. Low (P82834)
Jaffe Raitt Heuer & Weiss,PC
*Attorneys for Detroit Axle*
27777 Franklin Road, Suite 2500
Southfield, MI 48034
248.351.3000
jschwartz@jaffelaw.com
jsririo@jaffelaw.com
Dated: January 22, 2021          benlow@jaffelaw.com

## VERIFICATION

I verify that that factual statements set forth in the foregoing Verified Complaint are true and correct to the best of my current information, knowledge, and belief.

AXLE OF DEARBORN, INC.

By: _____

Name: MOUHAMAD MUSHEINESH

Title: PRESIDENT

Subscribed and sworn to before me on this
22nd day of January 2021

Kimberly A. Finzel, Notary Public
Wayne County, Michigan
Acting in the County of Oakland
My Commission Expires: 3/24/21

Remotely acting under 2020 PA 249
State of MI House Bill No. 6297
Signatory's location: Oakland County, Michigan

## <u>INDEX OF EXHIBITS</u>

Exhibit A            Invoices

Exhibit B            Affidavit of Dan Mayer

5109023

# EXHIBIT A



Detroit IT
PO Box 1411
Birmingham, MI 48012 US
(248) 530-1001
billing@detroitit.com
www.detroitmanagedit.com

**BILL TO**
Mike Musheinish
Detroit Axle
2000 Eight Mile Road
Ferndale, MI 48220 US

**SHIP TO**
Mike Musheinish
Detroit Axle
2000 Eight Mile Road
Ferndale, MI 48220 US

**INVOICE 10539**

DATE 05/21/2020   TERMS Due on receipt

DUE DATE 06/01/2020

| DESCRIPTION | QTY | RATE | AMOUNT |
|---|---|---|---|
| IT Project - Q#21391 Ferndale Wireless Infrastructure - 50% Deposit | 1 | 5,484.25 | 5,484.25 |

Thank you for your business!
Make check payable to Detroit IT. Please include invoice # on check.
** Client will pay interest at the rate of one and a half (1.5) percent per
month or the legally permissible rate, if lower, on all amounts due and
owing not paid in accordance with the due date set forth in the invoice.

| TOTAL DUE | $5,484.25 |
|---|---|

PO 5/22/20
Wizz

Any and all disputes to any item must be made in writing within 5 business days from date received.



**Detroit IT**
PO Box 1411
Birmingham, MI 48012 US
(248) 530-1001
billing@detroitit.com
www.detroitmanagedit.com

**BILL TO**
Mike Mushelnish
Detroit Axle
2000 Eight Mile Road
Ferndale, MI 48220 US

**SHIP TO**
Mike Mushelnish
Detroit Axle
2000 Eight Mile Road
Ferndale, MI 48220 US

**INVOICE 10537**

DATE 05/21/2020   TERMS Due on receipt

DUE DATE 06/01/2020

| DESCRIPTION | QTY | RATE | AMOUNT |
|---|---|---|---|
| IT Project - Q#21390 Ferndale Network Infrastructure 50% Deposit | 1 | 3,602.00 | 3,602.00 |

Thank you for your business!
Make check payable to Detroit IT. Please include Invoice # on check.
** Client will pay interest at the rate of one and a half (1.5) percent per
month or the legally permissible rate, if lower, on all amounts due and
owing not paid in accordance with the due date set forth in the invoice.

| TOTAL DUE | $3,602.00 |
|---|---|

Po 5/22/20
Wire

Any and all disputes to any item must be made in writing within 5 business days from date received.



**Detroit IT**
PO Box 1411
Birmingham, MI  48012 US
(248) 530-1001
billing@detroitit.com
www.detroitmanagedit.com

| BILL TO | SHIP TO |
|---------|---------|
| Mike Musheinish | Mike Musheinish |
| Detroit Axle | Detroit Axle |
| 2000 Eight Mile Road | 2000 Eight Mile Road |
| Ferndale, MI  48220 US | Ferndale, MI  48220 US |

**INVOICE 10840**

**DATE** 05/21/2020    **TERMS** Due on receipt

**DUE DATE** 06/01/2020

| DESCRIPTION | QTY | RATE | AMOUNT |
|-------------|-----|------|--------|
| IT Project - Q#21389 GLOBAL FIREWALL UPGRADES 50% DEPOSIT | 1 | 6,990.75 | 6,990.75 |

Thank you for your business!
Make check payable to Detroit IT.  Please include invoice # on check.
** Client will pay interest at the rate of one and a half (1.5) percent per
month or the legally permissible rate, if lower, on all amounts due and
owing not paid in accordance with the due date set forth in the invoice.

**TOTAL DUE**    **$6,990.75**

Any and all disputes to any item must be made in writing within 5 business days from date received.



**Detroit IT**
PO Box 1411
Birmingham, MI  48012 US
(248) 530-1001
billing@detroitit.com
www.detroitmanagedit.com

**BILL TO**
Mike Musheinish
Detroit Axle
2000 Eight Mile Road
Ferndale, MI  48220 US



| DESCRIPTION | QTY | RATE | AMOUNT |
|---|---|---|---|
| Lenovo T490 14" Laptop (i5/16GB/256GB/3YR) | 1 | 1,299.00 | 1,299.00T |

Ticket #421985 - Warehouse Manager Laptop

Thank you for your business!

Make check payable to Detroit IT.  Please include invoice # on the check.

Bank Information:
Account Name: Detroit IT
Bank Name: JP Morgan Chase
Routing Number for Wire: 021000021
Routing Number for ACH: 072000326
Account#: 598250137
SWIFT Code: CHASUS33

| | | |
|---|---|---|
| SUBTOTAL | | 1,299.00 |
| TAX | | 77.94 |
| TOTAL | | 1,376.94 |

** Client will pay interest at the rate of one and a half (1.5) percent per
month or the legally permissible rate, if lower, on all amounts due and
owing not paid in accordance with the due date set forth in the invoice.

**TOTAL DUE          $1,376.94**

Any and all disputes to any item must be made in writing within 5 business days from date received.



**Detroit IT**
PO Box 1411
Birmingham, MI 48012 US
(248) 530-1001
billing@detroitit.com
www.detroitmanagedit.com

**BILL TO**
Mike Musheinish
Detroit Axle
2000 Eight Mile Road
Ferndale, MI 48220 US



INVOICE 12400

DATE 07/22/2020   TERMS Net 15

DUE DATE 08/06/2020

| DESCRIPTION | QTY | RATE | AMOUNT |
|---|---|---|---|
| Lenovo E15 15.6" Laptop (i5/8GB/256GB/1YR) | 1 | 699.00 | 699.00T |

Ticket #N/A - New HR Laptop

Thank you for your business!

Make check payable to Detroit IT. Please include invoice # on the check.

Bank Information:
Account Name: Detroit IT
Bank Name: JP Morgan Chase
Routing Number for Wire: 021000021
Routing Number for ACH: 072000326
Account#: 598250137
SWIFT Code: CHASUS33

| | |
|---|---|
| SUBTOTAL | 699.00 |
| TAX | 41.94 |
| TOTAL | 740.94 |

** Client will pay interest at the rate of one and a half (1.5) percent per
month or the legally permissible rate, if lower, on all amounts due and
owing not paid in accordance with the due date set forth in the invoice.

TOTAL DUE     $740.94

Any and all disputes to any item must be made in writing within 5 business days from date received.



**Detroit IT**
PO Box 1411
Birmingham, MI  48012 US
(248) 530-1001
billing@detroitit.com
www.detroitmanagedit.com

**BILL TO**
Mike Musheinish
Detroit Axle
2000 Eight Mile Road
Ferndale, MI  48220 US

**INVOICE 12536**

**DATE 08/23/2020   TERMS Net 15**

**DUE DATE 09/07/2020**

| DESCRIPTION | QTY | RATE | AMOUNT |
|---|---|---|---|
| MSP Agreement (Remote/Onsite) - 06/24/2020 - Remote After Hours / Dan Goldman: #412629: Outlook email | 1 | 165.75 | 165.75 |

Thank you for your business!

Make check payable to Detroit IT.  Please include invoice # on the check.

Bank Information:
Account Name: Detroit IT
Bank Name: JP Morgan Chase
Routing Number for Wire: 021000021
Routing Number for ACH: 072000326
Account#: 598250137
SWIFT Code: CHASUS33

** Client will pay interest at the rate of one and a half (1.5) percent per
month or the legally permissible rate, if lower, on all amounts due and
owing not paid in accordance with the due date set forth in the invoice.

**TOTAL DUE**    **$165.75**

Any and all disputes to any item must be made in writing within 5 business days from date received.



**Detroit IT**
PO Box 1411
Birmingham, MI 48012 US
(248) 530-1001
billing@detroitit.com
www.detroitmanagedit.com

**BILL TO**
Mike Mushelnish
Detroit Axle
2000 Eight Mile Road
Femdale, MI 48220 US

**INVOICE 12537**

**DATE** 08/23/2020 **TERMS** Net 15

**DUE DATE** 09/07/2020

| DESCRIPTION | QTY | RATE | AMOUNT |
|---|---|---|---|
| MSP Agreement (Remote/Onsite) - 08/01/2020 - Remote After Hours / Jason Bache: #429075: Facebook blocking exception | 1 | 165.75 | 165.75 |
| MSP Agreement (Remote/Onsite) - 08/01/2020 - Remote After Hours / Jason Bache: #429095: Camra's are down in Detroit Axle | 1 | 165.75 | 165.75 |
| MSP Agreement (Remote/Onsite) - 08/07/2020 - Remote After Hours / Dan Goldman: #431397: ShipExec not working | 1 | 165.75 | 165.75 |

Thank you for your business!

Make check payable to Detroit IT. Please include invoice # on the check.

Bank Information:
Account Name: Detroit IT
Bank Name: JP Morgan Chase
Routing Number for Wire: 021000021
Routing Number for ACH: 072000326
Account#: 598250137
SWIFT Code: CHASUS33

** Client will pay interest at the rate of one and a half (1.5) percent per month or the legally permissible rate, if lower, on all amounts due and owing not paid in accordance with the due date set forth in the invoice.

**TOTAL DUE** **$497.25**

Any and all disputes to any item must be made in writing within 5 business days from date received.



**Detroit IT**
PO Box 1411
Birmingham, MI  48012 US
(248) 530-1001
billing@detroitit.com
www.detroitmanagedit.com

**BILL TO**
Mike Musheinish
Detroit Axle
2000 Eight Mile Road
Ferndale, MI  48220 US



INVOICE 12588

DATE 08/30/2020   TERMS Net 15

DUE DATE 09/07/2020

| DESCRIPTION | QTY | RATE | AMOUNT |
|---|---|---|---|
| MSP Agreement (Remote/Onsite) - 07/09/2020 - Remote After Hours / Jason Bache: #419011: Braintreegateway.com access | 1 | 165.75 | 165.75 |
| MSP Agreement (Remote/Onsite) - 07/30/2020 - Remote After Hours / Jason Bache: #428249: DHCP pool range for new DAXJ router | 1 | 165.75 | 165.75 |

Thank you for your business!

Make check payable to Detroit IT.  Please include invoice # on the check.

Bank Information:
Account Name: Detroit IT
Bank Name: JP Morgan Chase
Routing Number for Wire: 021000021
Routing Number for ACH: 072000326
Account#: 598250137
SWIFT Code: CHASUS33

** Client will pay interest at the rate of one and a half (1.5) percent per
month or the legally permissible rate, if lower, on all amounts due and
owing not paid in accordance with the due date set forth in the invoice.

| | |
|---|---|
| TOTAL DUE | $331.50 |

Any and all disputes to any item must be made in writing within 5 business days from date received.



**Detroit IT**
PO Box 1411
Birmingham, MI  48012 US
(248) 530-1001
billing@detroitit.com
www.detroitmanagedit.com

**BILL TO**
Mike Musheinish
Detroit Axle
2000 Eight Mile Road
Ferndale, MI  48220 US

**INVOICE 12310**

**DATE** 07/15/2020   **TERMS** Net 15

**DUE DATE** 07/30/2020

| DESCRIPTION | QTY | RATE | AMOUNT |
|---|---|---|---|
| PowerEdge R440 (CTO) | 1 | 5,628.32 | 5,628.32T |
| (2x2.1Ghz,64GB,4x480GB, Server 2019, RPS, 3YR Warranty) | | | |

Thank you for your business!
Make check payable to Detroit IT.  Please include invoice # on check.
** Client will pay interest at the rate of one and a half (1.5) percent per
month or the legally permissible rate, if lower, on all amounts due and
owing not paid in accordance with the due date set forth in the invoice.

| | |
|---|---|
| SUBTOTAL | 5,628.32 |
| TAX | 337.70 |
| TOTAL | 5,966.02 |

**TOTAL DUE** **$5,966.02**

Any and all disputes to any item must be made in writing within 5 business days from date received.



**Detroit IT**
PO Box 1411
Birmingham, MI  48012 US
(248) 530-1001
billing@detroitit.com
www.detroitmanagedit.com

**BILL TO**
Mike Musheinish
Detroit Axle
Av Manuel Talamas Camandari, Los
Bravos, 32575 Cd
Juárez, Chih., Mexico

## INVOICE 12395

DATE 07/20/2020   TERMS Due on receipt

DUE DATE 08/01/2020

| DESCRIPTION | QTY | RATE | AMOUNT |
| --- | --- | --- | --- |
| Cisco Meraki MX67 Cloud Managed Security Appliance 3 Year Advanced Security License | 1 | 1,361.75 | 1,361.75T |
| Cisco Meraki MX67 Cloud Managed Security Appliance 3 Year Advanced Security License | 1 | 695.00 | 695.00T |

Thank you for your business!
Make check payable to Detroit IT.  Please include invoice # on check.
** Client will pay interest at the rate of one and a half (1.5) percent per
month or the legally permissible rate, if lower, on all amounts due and
owing not paid in accordance with the due date set forth in the invoice.

| | |
| --- | --- |
| SUBTOTAL | 2,056.75 |
| TAX | 0.00 |
| TOTAL | 2,056.75 |

**TOTAL DUE** **$2,056.75**

Any and all disputes to any item must be made in writing within 5 business days from date received.



**Detroit IT**
PO Box 1411
Birmingham, MI  48012 US
(248) 530-1001
billing@detroitit.com
www.detroitmanagedit.com

**BILL TO**
Mike Musheinish
Detroit Axle
2000 Eight Mile Road
Ferndale, MI  48220 US

**INVOICE 12402**

DATE 07/22/2020   TERMS Net 15

DUE DATE 08/06/2020

| DESCRIPTION | QTY | RATE | AMOUNT |
|---|---|---|---|
| Xerox® B215 Multifunction Printer | 2 | 219.99 | 439.98T |

Thank you for your business!

Make check payable to Detroit IT.  Please include invoice # on the check.

Bank Information:
Account Name: Detroit IT
Bank Name: JP Morgan Chase
Routing Number for Wire: 021000021
Routing Number for ACH: 072000326
Account#: 598250137
SWIFT Code: CHASUS33

** Client will pay interest at the rate of one and a half (1.5) percent per month or the legally permissible rate, if lower, on all amounts due and owing not paid in accordance with the due date set forth in the invoice.

| | |
|---|---|
| SUBTOTAL | 439.98 |
| TAX | 26.40 |
| TOTAL | 466.38 |

**TOTAL DUE**  **$466.38**

Any and all disputes to any item must be made in writing within 5 business days from date received.



**Detroit IT**
PO Box 1411
Birmingham, MI  48012 US
(248) 530-1001
billing@detroitit.com
www.detroitmanagedit.com

**BILL TO**
Mike Musheinish
Detroit Axle
2000 Eight Mile Road
Ferndale, MI  48220 US

## INVOICE 12724

DATE 03/02/2020   TERMS Net 15

DUE DATE 03/17/2020

| DESCRIPTION | QTY | RATE | AMOUNT |
|---|---|---|---|
| FERNDALE, MI - HIGH AVAILABILITY | | | |
| Cisco Meraki MX84 Cloud Managed Security Appliance 3 Year Advanced Security License | 1 | 3,896.75 | 3,896.75T |
| Cisco Meraki MX84 Cloud Managed Security Appliance HA High Availability | 1 | 1,296.75 | 1,296.75T |
| Professional Services Configuration Create Cisco Meraki dashboard account Add Cisco MX to dashboard Configure general settings Configure alerting Configure WAN/LAN/VLAN Configure firewall Configure security services | 8 | 110.50 | 884.00 |
| Professional Services Cutover - After Hours | 2 | 165.75 | 331.50 |
| JUAREZ, MX - HIGH AVAILABILITY | | | |
| Professional Services Configuration & Cutover Create Cisco Meraki dashboard account Add Cisco MX to dashboard Configure general settings Configure alerting Configure WAN/LAN/VLAN Configure firewall Configure security services | 6 | 110.50 | 663.00 |
| Professional Services Cutover - After Hours | 2 | 165.75 | 331.50 |
| OAK PARK, MI | | | |
| Cisco Meraki MX67 Cloud Managed Security Appliance 3 Year Advanced Security License | 1 | 1,361.75 | 1,361.75T |
| Professional Services Configuration & Cutover Create Cisco Meraki dashboard account Add Cisco MX to dashboard Configure general settings Configure alerting Configure WAN/LAN/VLAN Configure firewall Configure security services | 6 | 110.50 | 663.00 |

Any and all disputes to any item must be made in writing within 5 business days from date received.

| DESCRIPTION | QTY | RATE | AMOUNT |
|---|---|---|---|
| SHANGHAI, CN | | | |
| Cisco Meraki MX67 Cloud Managed Security Appliance<br>3 Year Advanced Security License | 1 | 1,361.75 | 1,361.75T |
| Professional Services - Configuration<br>Create Cisco Meraki dashboard account<br>Add Cisco MX to dashboard<br>Configure general settings<br>Configure alerting<br>Configure WAN/LAN/VLAN<br>Configure firewall<br>Configure security services | 6 | 110.50 | 663.00 |
| Professional Services - Cutover (After Hours) | 2 | 165.75 | 331.50 |
| DETROIT, MI | | | |
| Cisco Meraki MX67 Cloud Managed Security Appliance<br>3 Year Advanced Security License | 1 | 1,361.75 | 1,361.75T |
| Professional Services - Configuration & Cutover<br>Create Cisco Meraki dashboard account<br>Add Cisco MX to dashboard<br>Configure general settings<br>Configure alerting<br>Configure WAN/LAN/VLAN<br>Configure firewall<br>Configure security services | 6 | 110.50 | 663.00 |
| IT Project - Q#21389 GLOBAL FIREWALL UPGRADES 50% DEPOSIT | 1 | -6,990.75 | -6,990.75 |

Thank you for your business!

Make check payable to Detroit IT.  Please include invoice # on the check.

Bank Information:
Account Name: Detroit IT
Bank Name: JP Morgan Chase
Routing Number for Wire: 021000021
Routing Number for ACH: 072000326
Account#: 598250137
SWIFT Code: CHASUS33

** Client will pay interest at the rate of one and a half (1.5) percent per
month or the legally permissible rate, if lower, on all amounts due and
owing not paid in accordance with the due date set forth in the invoice.

| | |
|---|---|
| SUBTOTAL | 6,818.50 |
| TAX | 556.73 |
| TOTAL | 7,375.23 |

| TOTAL DUE | $7,375.23 |
|---|---|

Any and all disputes to any item must be made in writing within 5 business days from date received.



**Detroit IT**
PO Box 1411
Birmingham, MI  48012 US
(248) 530-1001
billing@detroitit.com
www.detroitmanagedit.com

**BILL TO**
Mike Musheinish
Detroit Axle
2000 Eight Mile Road
Ferndale, MI  48220 US

**INVOICE 12725**

DATE 07/05/2020   TERMS Net 15

DUE DATE 07/20/2020

| DESCRIPTION | QTY | RATE | AMOUNT |
|---|---|---|---|
| COO - NEW HIRE EQUIPMENT | | | |
| Apple MacBook Pro 16" | 1 | 2,299.00 | 2,299.00T |
| Apple USB-C Multi Port Adapter | 1 | 69.00 | 69.00T |
| Applecare | 1 | 349.00 | 349.00T |
| Professional Services | 2 | 110.50 | 221.00 |

Thank you for your business!

Make check payable to Detroit IT.  Please include invoice # on the check.

Bank Information:
Account Name: Detroit IT
Bank Name: JP Morgan Chase
Routing Number for Wire: 021000021
Routing Number for ACH: 072000326
Account#: 598250137
SWIFT Code: CHASUS33

** Client will pay interest at the rate of one and a half (1.5) percent per
month or the legally permissible rate, if lower, on all amounts due and
owing not paid in accordance with the due date set forth in the invoice.

| | |
|---|---|
| SUBTOTAL | 2,938.00 |
| TAX | 163.02 |
| TOTAL | 3,101.02 |

**TOTAL DUE** **$3,101.02**

Any and all disputes to any item must be made in writing within 5 business days from date received.



**Detroit IT**
PO Box 1411
Birmingham, MI  48012 US
(248) 530-1001
billing@detroitit.com
www.detroitmanagedit.com

**BILL TO**
Mike Musheinish
Detroit Axle
2000 Eight Mile Road
Ferndale, MI  48220 US

**INVOICE 12726**

DATE 08/31/2020  TERMS Net 15

DUE DATE 09/15/2020

| DESCRIPTION | QTY | RATE | AMOUNT |
|---|---|---|---|
| Dell UltraSharp 27" InfinityEdge Monitor | 4 | 499.99 | 1,999.96T |
| Startech Quad-Monitor Desktop Stand | 1 | 245.99 | 245.99T |
| Dell Optiplex 3070 (i5/8GB/256SSD/3YR) | 1 | 699.00 | 699.00T |
| Display Adapaters | 2 | 29.00 | 58.00T |

Thank you for your business!

Make check payable to Detroit IT.  Please include invoice # on the check.

Bank Information:
Account Name: Detroit IT
Bank Name: JP Morgan Chase
Routing Number for Wire: 021000021
Routing Number for ACH: 072000326
Account#: 598250137
SWIFT Code: CHASUS33

** Client will pay interest at the rate of one and a half (1.5) percent per
month or the legally permissible rate, if lower, on all amounts due and
owing not paid in accordance with the due date set forth in the invoice.

| | |
|---|---|
| SUBTOTAL | 3,002.95 |
| TAX | 180.18 |
| TOTAL | 3,183.13 |

**TOTAL DUE  $3,183.13**

Any and all disputes to any item must be made in writing within 5 business days from date received.



**Detroit IT**
PO Box 1411
Birmingham, MI  48012 US
(248) 530-1001
billing@detroitit.com
www.detroitmanagedit.com

**BILL TO**
Mike Musheinish
Detroit Axle
2000 Eight Mile Road
Ferndale, MI  48220 US

**INVOICE 12727**

**DATE** 09/30/2020   **TERMS** Net 15

**DUE DATE** 10/15/2020

| DESCRIPTION | QTY | RATE | AMOUNT |
|---|---|---|---|
| Yearlink T46S IP Phone | 1 | 216.99 | 216.99T |
| Professional Services | 1 | 0.00 | 0.00 |
| Ticket # 448659 - Desk Phone for Luis | | | |

Thank you for your business!

Make check payable to Detroit IT.  Please include invoice # on the check.

Bank Information:
Account Name: Detroit IT
Bank Name: JP Morgan Chase
Routing Number for Wire: 021000021
Routing Number for ACH: 072000326
Account#: 598250137
SWIFT Code: CHASUS33

\*\* Client will pay interest at the rate of one and a half (1.5) percent per month or the legally permissible rate, if lower, on all amounts due and owing not paid in accordance with the due date set forth in the invoice.

| | |
|---|---|
| SUBTOTAL | 216.99 |
| TAX | 13.02 |
| TOTAL | 230.01 |

**TOTAL DUE**          **$230.01**

Any and all disputes to any item must be made in writing within 5 business days from date received.



**Detroit IT**
PO Box 1411
Birmingham, MI  48012 US
(248) 530-1001
billing@detroitit.com
www.detroitmanagedit.com

**BILL TO**
Mike Musheinish
Detroit Axle
2000 Eight Mile Road
Ferndale, MI  48220 US

**INVOICE 12728**

DATE 09/30/2020   TERMS Net 15

DUE DATE 10/15/2020

| DESCRIPTION | QTY | RATE | AMOUNT |
|---|---|---|---|
| Logitech Rally Plus Premium ConferenceCam | 1 | 2,599.00 | 2,599.00T |
| Dell Optiplex 3060 (i5/8GB/256SSD/3YR) | 1 | 799.00 | 799.00T |
| 1 Lot of Misc Consumables | 1 | 150.00 | 150.00T |
| Professional Services | 8 | 110.50 | 884.00 |
| Mount and install Tv's | | | |
| Mount and Install Logitech Rally Plus Camera and speakers | | | |
| Mount, Install and Setup Conference Room Computer | | | |

Thank you for your business!

Make check payable to Detroit IT.  Please include invoice # on the check.

Bank Information:
Account Name: Detroit IT
Bank Name: JP Morgan Chase
Routing Number for Wire: 021000021
Routing Number for ACH: 072000326
Account#: 598250137
SWIFT Code: CHASUS33

| | |
|---|---|
| SUBTOTAL | 4,432.00 |
| TAX | 212.88 |
| TOTAL | 4,644.88 |

** Client will pay interest at the rate of one and a half (1.5) percent per month or the legally permissible rate, if lower, on all amounts due and owing not paid in accordance with the due date set forth in the invoice.

**TOTAL DUE    $4,644.88**

Any and all disputes to any item must be made in writing within 5 business days from date received.



**Detroit IT**
PO Box 1411
Birmingham, MI  48012 US
(248) 530-1001
billing@detroitit.com
www.detroitmanagedit.com

**BILL TO**
Mike Musheinish
Detroit Axle
2000 Eight Mile Road
Ferndale, MI  48220 US

**INVOICE 12729**

DATE 09/30/2020   TERMS Net 15

DUE DATE 10/15/2020

| DESCRIPTION | QTY | RATE | AMOUNT |
|---|---|---|---|
| Vizio 4K Ulra HD 65" TV | 3 | 649.99 | 1,949.97T |
| 30-70" TV Mount | 3 | 29.90 | 89.70T |
| Dell OptiPlex 5070 Micro (i7/16GB/256SSD/3YR) | 1 | 899.99 | 899.99T |
| Professional Services | 10 | 110.50 | 1,105.00 |
| Project: Mike's Office Cameras | | | |

Thank you for your business!

Make check payable to Detroit IT.  Please include invoice # on the check.

Bank Information:
Account Name: Detroit IT
Bank Name: JP Morgan Chase
Routing Number for Wire: 021000021
Routing Number for ACH: 072000326
Account#: 598250137
SWIFT Code: CHASUS33

\*\* Client will pay interest at the rate of one and a half (1.5) percent per
month or the legally permissible rate, if lower, on all amounts due and
owing not paid in accordance with the due date set forth in the invoice.

| | |
|---|---|
| SUBTOTAL | 4,044.66 |
| TAX | 176.38 |
| TOTAL | 4,221.04 |

**TOTAL DUE          $4,221.04**

Any and all disputes to any item must be made in writing within 5 business days from date received.



**Detroit IT**
PO Box 1411
Birmingham, MI  48012 US
(248) 530-1001
billing@detroitit.com
www.detroitmanagedit.com

**BILL TO**
Mike Musheinish
Detroit Axle
2000 Eight Mile Road
Ferndale, MI  48220 US

## INVOICE 12731

DATE 10/08/2020    TERMS Net 15

DUE DATE 10/20/2020

| DESCRIPTION | QTY | RATE | AMOUNT |
|---|---|---|---|
| IMPLEMENTATION (ONE TIME) | | | |
| Professional Services - After Hours | 15 | 165.75 | 2,486.25 |
| Migrate DEV-DA-J-APP | | | |
| Migrate PROD-DA-J-APP | | | |
| Migrate SQl-DA-J to DA-MX-ESXI1 | | | |
| Professional Services | 7 | 110.50 | 773.50 |
| Install Vmware ESXI on DA-MX-ESXI | | | |
| Configure DA-DA-MX-ESXI1 | | | |
| Create DA-MX-DC1 | | | |
| Install Windows Server 2019 | | | |
| Configure Server Roles | | | |

Thank you for your business!

Make check payable to Detroit IT.  Please include invoice # on the check.

Bank Information:
Account Name: Detroit IT
Bank Name: JP Morgan Chase
Routing Number for Wire: 021000021
Routing Number for ACH: 072000326
Account#: 598250137
SWIFT Code: CHASUS33

\*\* Client will pay interest at the rate of one and a half (1.5) percent per month or the legally permissible rate, if lower, on all amounts due and owing not paid in accordance with the due date set forth in the invoice.

| TOTAL DUE | $3,259.75 |
|---|---|

Any and all disputes to any item must be made in writing within 5 business days from date received.



**Detroit IT**
PO Box 1411
Birmingham, MI  48012 US
(248) 530-1001
billing@detroitit.com
www.detroitmanagedit.com

**BILL TO**
Mike Musheinish
Detroit Axle
2000 Eight Mile Road
Ferndale, MI  48220 US

**INVOICE 12440**

DATE 03/06/2020   TERMS Due on receipt

DUE DATE 09/11/2020

| DESCRIPTION | QTY | RATE | AMOUNT |
| --- | --- | --- | --- |
| Q#21462 - 9800 Mt. Elliot Infrastructure Deposit | 1 | 50,000.00 | 50,000.00 |

Thank you for your business!

Make check payable to Detroit IT.  Please include invoice # on the check.

Bank Information:
Account Name: Detroit IT
Bank Name: JP Morgan Chase
Routing Number for Wire: 021000021
Routing Number for ACH: 072000326
Account#: 598250137
SWIFT Code: CHASUS33

** Client will pay interest at the rate of one and a half (1.5) percent per
month or the legally permissible rate, if lower, on all amounts due and
owing not paid in accordance with the due date set forth in the invoice.

**TOTAL DUE   $50,000.00**

Any and all disputes to any item must be made in writing within 5 business days from date received.



**Detroit IT**
PO Box 1411
Birmingham, MI  48012 US
(248) 530-1001
billing@detroitit.com
www.detroitmanagedit.com

**BILL TO**
Mike Musheinish
Detroit Axle
2000 Eight Mile Road
Ferndale, MI  48220 US

**INVOICE 12549**

DATE 08/30/2020   TERMS Net 15

DUE DATE 09/14/2020

| DESCRIPTION | QTY | RATE | AMOUNT |
|---|---|---|---|
| Lenovo T490 14" Laptop (i5/16GB/256GB/3YR) | 1 | 1,299.00 | 1,299.00T |
| New Laptop Marketing Director | | | |

Thank you for your business!

Make check payable to Detroit IT.  Please include invoice # on the check.

Bank Information:
Account Name: Detroit IT
Bank Name: JP Morgan Chase
Routing Number for Wire: 021000021
Routing Number for ACH: 072000326
Account#: 598250137
SWIFT Code: CHASUS33

** Client will pay interest at the rate of one and a half (1.5) percent per month or the legally permissible rate, if lower, on all amounts due and owing not paid in accordance with the due date set forth in the invoice.

| | |
|---|---|
| SUBTOTAL | 1,299.00 |
| TAX | 77.94 |
| TOTAL | 1,376.94 |

**TOTAL DUE**                    **$1,376.94**

Any and all disputes to any item must be made in writing within 5 business days from date received.



**Detroit IT**
PO Box 1411
Birmingham, MI  48012 US
(248) 530-1001
billing@detroitit.com
www.detroitmanagedit.com

**BILL TO**
Mike Musheinish
Detroit Axle
2000 Eight Mile Road
Ferndale, MI  48220 US

**INVOICE 12560**

DATE 08/30/2020  TERMS Net 15

DUE DATE 09/14/2020

| DESCRIPTION | QTY | RATE | AMOUNT |
|---|---|---|---|
| Zebra TC72 Android Scanner | 3 | 1,617.20 | 4,851.60T |
| 5 Slot Charge Only Share Cradle | 1 | 346.45 | 346.45T |
| US AC Line Cord | 1 | 10.39 | 10.39T |
| Snap-On Trigger Handle | 3 | 219.05 | 657.15T |

Thank you for your business!

Make check payable to Detroit IT.  Please include invoice # on the check.

Bank Information:
Account Name: Detroit IT
Bank Name: JP Morgan Chase
Routing Number for Wire: 021000021
Routing Number for ACH: 072000326
Account#: 598250137
SWIFT Code: CHASUS33

** Client will pay interest at the rate of one and a half (1.5) percent per
month or the legally permissible rate, if lower, on all amounts due and
owing not paid in accordance with the due date set forth in the invoice.

| | |
|---|---|
| SUBTOTAL | 5,865.59 |
| TAX | 351.94 |
| TOTAL | 6,217.53 |

**TOTAL DUE**   **$6,217.53**

Any and all disputes to any item must be made in writing within 5 business days from date received.



**Detroit IT**
PO Box 1411
Birmingham, MI  48012 US
(248) 530-1001
billing@detroitit.com
www.detroitmanagedit.com

**BILL TO**
Mike Musheinish
Detroit Axle
2000 Eight Mile Road
Ferndale, MI  48220 US

## INVOICE 12587

DATE 09/06/2020   TERMS Net 15

DUE DATE 09/21/2020

| DESCRIPTION | QTY | RATE | AMOUNT |
|---|---|---|---|
| Lenovo Thinkpad T590 (i7/16GB/512GB/3YR) | 1 | 1,733.15 | 1,733.15T |
| Lenovo 24" Monitors | 2 | 233.74 | 467.48T |
| Lenovo Wireless Keyboard and Mouse | 1 | 52.99 | 52.99T |
| Lenovo USB-C Docking Station | 1 | 199.99 | 199.99T |
| Ticket# Controller New Hire Hardware | | | |

Thank you for your business!

Make check payable to Detroit IT.  Please include invoice # on the check.

Bank Information:
Account Name: Detroit IT
Bank Name: JP Morgan Chase
Routing Number for Wire: 021000021
Routing Number for ACH: 072000326
Account#: 598250137
SWIFT Code: CHASUS33

| | |
|---|---|
| SUBTOTAL | 2,453.61 |
| TAX | 147.22 |
| TOTAL | 2,600.83 |

\*\* Client will pay interest at the rate of one and a half (1.5) percent per
month or the legally permissible rate, if lower, on all amounts due and
owing not paid in accordance with the due date set forth in the invoice.

**TOTAL DUE          $2,600.83**

Any and all disputes to any item must be made in writing within 5 business days from date received.



**Detroit IT**
PO Box 1411
Birmingham, MI  48012 US
(248) 530-1001
billing@detroitit.com
www.detroitmanagedit.com

**BILL TO**
Mike Musheinish
Detroit Axle
2000 Eight Mile Road
Ferndale, MI  48220 US

**INVOICE 12588**

DATE 09/08/2020   TERMS Net 15

DUE DATE 09/23/2020

| DESCRIPTION | QTY | RATE | AMOUNT |
|---|---|---|---|
| HARDWARE (ONE TIME) | | | |
| Ubiquiti UniFi Pro 48 POE Gen 2 | 4 | 1,099.00 | 4,396.00T |
| Ubiquiti UniFi Cloud Key Gen 2 | 1 | 179.00 | 179.00T |
| Ubiquiti UniFi Cloud Key G2 Rack Mount | 1 | 99.00 | 99.00T |
| Ubiquiti UniFi Redundant Power System | 1 | 399.00 | 399.00T |
| Ubiquiti UniFi SmartPower Cable | 2 | 29.00 | 58.00T |
| 3ft Cat6 Slim Patch Cable | 192 | 3.50 | 672.00T |
| Lot of Misc Consumables<br>Rack hardware<br>Mounting Screws<br>Velcro<br>Labels | 3 | 25.00 | 75.00T |
| IMPLEMENTATION (ONE TIME) | | | |
| Professional Services (After Hours) | 12 | 110.50 | 1,326.00 |
| 50% Deposit | 1 | -3,602.00 | -3,602.00 |

Thank you for your business!

Make check payable to Detroit IT.  Please include invoice # on the check.

Bank Information:
Account Name: Detroit IT
Bank Name: JP Morgan Chase
Routing Number for Wire: 021000021
Routing Number for ACH: 072000326
Account#: 598250137
SWIFT Code: CHASUS33

| | |
|---|---|
| SUBTOTAL | 3,602.00 |
| TAX | 352.68 |
| TOTAL | 3,954.68 |

** Client will pay interest at the rate of one and a half (1.5) percent per
month or the legally permissible rate, if lower, on all amounts due and
owing not paid in accordance with the due date set forth in the invoice.

Any and all disputes to any item must be made in writing within 5 business days from date received.

| TOTAL DUE | $3,954.68 |
|---|---|

Any and all disputes to any item must be made in writing within 5 business days from date received.



**Detroit IT**
PO Box 1411
Birmingham, MI  48012 US
(248) 530-1001
billing@detroitit.com
www.detroitmanagedit.com

**BILL TO**
Mike Musheinish
Detroit Axle
2000 Eight Mile Road
Ferndale, MI  48220 US

## INVOICE 12639

DATE 09/29/2020   TERMS Net 15

DUE DATE 10/05/2020

| DESCRIPTION | QTY | RATE | AMOUNT |
|---|---|---|---|
| Lenovo T490 S (i5/16GB/256GB/3YR) | 1 | 1,299.99 | 1,299.99T |
| Lenovo USB-C Docking Station | 1 | 219.99 | 219.99T |
| Professional Services | 2 | 110.50 | 221.00 |
| Ticket # 438927 - New Laptop for Mark | | | |

Thank you for your business!

Make check payable to Detroit IT.  Please include invoice # on the check.

Bank Information:
Account Name: Detroit IT
Bank Name: JP Morgan Chase
Routing Number for Wire: 021000021
Routing Number for ACH: 072000326
Account#: 598250137
SWIFT Code: CHASUS33

** Client will pay interest at the rate of one and a half (1.5) percent per
month or the legally permissible rate, if lower, on all amounts due and
owing not paid in accordance with the due date set forth in the invoice.

| | |
|---|---|
| SUBTOTAL | 1,740.98 |
| TAX | 91.20 |
| TOTAL | 1,832.18 |

**TOTAL DUE**    **$1,832.18**

Any and all disputes to any item must be made in writing within 5 business days from date received.



**Detroit IT**
PO Box 1411
Birmingham, MI  48012 US
(248) 530-1001
billing@detroitit.com
www.detroitmanagedit.com

**BILL TO**
Mike Musheinish
Detroit Axle
2000 Eight Mile Road
Ferndale, MI  48220 US

## INVOICE 12641

DATE 05/20/2020   TERMS Net 15

DUE DATE 07/05/2020

| DESCRIPTION | QTY | RATE | AMOUNT |
|---|---|---|---|
| Dell Optiplex 3070 (i5/8GB/256SSD/3YR) | 1 | 719.00 | 719.00T |
| Dell P2219H Monitor | 1 | 179.00 | 179.00T |
| Professional Services | 2 | 110.50 | 221.00 |

Ticket # 437556 - New Computer for Mt. Elliot

Thank you for your business!

Make check payable to Detroit IT.  Please include invoice # on the check.

Bank Information:
Account Name: Detroit IT
Bank Name: JP Morgan Chase
Routing Number for Wire: 021000021
Routing Number for ACH: 072000326
Account#: 598250137
SWIFT Code: CHASUS33

| | |
|---|---|
| SUBTOTAL | 1,119.00 |
| TAX | 53.88 |
| TOTAL | 1,172.88 |

** Client will pay interest at the rate of one and a half (1.5) percent per month or the legally permissible rate, if lower, on all amounts due and owing not paid in accordance with the due date set forth in the invoice.

**TOTAL DUE          $1,172.88**

Any and all disputes to any item must be made in writing within 5 business days from date received.



**Detroit IT**
PO Box 1411
Birmingham, MI  48012 US
(248) 530-1001
billing@detroitit.com
www.detroitmanagedit.com

**BILL TO**
Mike Musheinish
Detroit Axle
2000 Eight Mile Road
Ferndale, MI  48220 US

**INVOICE 12642**

DATE 09/20/2020   TERMS Net 15

DUE DATE 10/05/2020

| DESCRIPTION | QTY | RATE | AMOUNT |
| --- | --- | --- | --- |
| Dell Optiplex 3070 (i5/8GB/256SSD/3YR) | 1 | 719.00 | 719.00T |
| Dell 22" E-Series Monitor | 1 | 169.99 | 169.99T |
| Dell All in One Stand | 1 | 99.00 | 99.00T |
| HP LasterJet M402DN | 1 | 189.99 | 189.99T |
| Professional Services | 2 | 110.50 | 221.00 |

Ticket # 428064 - Urgent Equipment Need

Thank you for your business!

Make check payable to Detroit IT.  Please include invoice # on the check.

Bank Information:
Account Name: Detroit IT
Bank Name: JP Morgan Chase
Routing Number for Wire: 021000021
Routing Number for ACH: 072000326
Account#: 598250137
SWIFT Code: CHASUS33

** Client will pay interest at the rate of one and a half (1.5) percent per
month or the legally permissible rate, if lower, on all amounts due and
owing not paid in accordance with the due date set forth in the invoice.

| | |
| --- | --- |
| SUBTOTAL | 1,398.98 |
| TAX | 70.68 |
| TOTAL | 1,469.66 |

**TOTAL DUE** **$1,469.66**

Any and all disputes to any item must be made in writing within 5 business days from date received.



**Detroit IT**
PO Box 1411
Birmingham, MI  48012 US
(248) 530-1001
billing@detroitit.com
www.detroitmanagedit.com

**BILL TO**
Mike Musheinish
Detroit Axle
2000 Eight Mile Road
Ferndale, MI  48220 US

## INVOICE 12660

DATE 09/20/2020   TERMS Net 15

DUE DATE 10/05/2020

| DESCRIPTION | QTY | RATE | AMOUNT |
|---|---|---|---|
| Zebra TC20 Mobile Computer | 2 | 559.00 | 1,118.00T |
| Professional Services | 1 | 110.50 | 110.50 |

Thank you for your business!

Make check payable to Detroit IT.  Please include invoice # on the check.

Bank Information:
Account Name: Detroit IT
Bank Name: JP Morgan Chase
Routing Number for Wire: 021000021
Routing Number for ACH: 072000326
Account#: 598250137
SWIFT Code: CHASUS33

** Client will pay interest at the rate of one and a half (1.5) percent per month or the legally permissible rate, if lower, on all amounts due and owing not paid in accordance with the due date set forth in the invoice.

| | |
|---|---|
| SUBTOTAL | 1,228.50 |
| TAX | 67.08 |
| TOTAL | 1,295.58 |

**TOTAL DUE          $1,295.58**

Any and all disputes to any item must be made in writing within 5 business days from date received.



**Detroit IT**
PO Box 1411
Birmingham, MI  48012 US
(248) 530-1001
billing@detroitit.com
www.detroitmanagedit.com

**BILL TO**
Mike Musheinish
Detroit Axle
2000 Eight Mile Road
Ferndale, MI  48220 US

**INVOICE 12808**

DATE 10/21/2020   TERMS Net 15

DUE DATE 11/05/2020

| DESCRIPTION | QTY | RATE | AMOUNT |
|---|---|---|---|
| Zebra TC20 PLUS, WLAN, 2D Imager (SE4710), Camera, 2GB/16GB, ANDROID 7.0 NOUGAT | 26 | 669.00 | 17,394.00T |
| Zebra DC Cable | 6 | 32.99 | 197.94T |
| Zebra External Print Server | 22 | 189.00 | 4,158.00T |
| Zebra Protective Boot | 28 | 55.25 | 1,547.00T |
| Zebra 5 Slot Charging Cradle | 1 | 349.99 | 349.99T |
| Zebra Power Supply Adapter | 6 | 99.00 | 594.00T |

Thank you for your business!

Make check payable to Detroit IT.  Please include invoice # on the check.

Bank Information:
Account Name: Detroit IT
Bank Name: JP Morgan Chase
Routing Number for Wire: 021000021
Routing Number for ACH: 072000326
Account#: 598250137
SWIFT Code: CHASUS33

| | |
|---|---|
| SUBTOTAL | 24,240.93 |
| TAX | 1,454.46 |
| TOTAL | 25,695.39 |

** Client will pay interest at the rate of one and a half (1.5) percent per month or the legally permissible rate, if lower, on all amounts due and owing not paid in accordance with the due date set forth in the invoice.

**TOTAL DUE**    **$25,695.39**

Any and all disputes to any item must be made in writing within 5 business days from date received.



**Detroit IT**
PO Box 1411
Birmingham, MI  48012 US
(248) 530-1001
billing@detroitit.com
www.detroitmanagedit.com

**BILL TO**
Mike Musheinish
Detroit Axle
2000 Eight Mile Road
Ferndale, MI  48220 US

**INVOICE 12809**

**DATE** 10/21/2020   **TERMS** Net 15

**DUE DATE** 11/05/2020

| DESCRIPTION | QTY | RATE | AMOUNT |
|---|---|---|---|
| IT Project - Mt. Elliot Security Cameras Deposit | 1 | 20,000.00 | 20,000.00 |

Thank you for your business!

Make check payable to Detroit IT.  Please include invoice # on the check.

Bank Information:
Account Name: Detroit IT
Bank Name: JP Morgan Chase
Routing Number for Wire: 021000021
Routing Number for ACH: 072000326
Account#: 598250137
SWIFT Code: CHASUS33

** Client will pay interest at the rate of one and a half (1.5) percent per month or the legally permissible rate, if lower, on all amounts due and owing not paid in accordance with the due date set forth in the invoice.

**TOTAL DUE    $20,000.00**

Any and all disputes to any item must be made in writing within 5 business days from date received.



**Detroit IT**
PO Box 1411
Birmingham, MI  48012 US
(248) 530-1001
billing@detroitit.com
www.detroitmanagedit.com

**BILL TO**
Mike Musheinish
Detroit Axle
2000 Eight Mile Road
Ferndale, MI  48220 US

**INVOICE 12905**

**DATE** 11/17/2020   **TERMS** Net 15

**DUE DATE** 12/02/2020

| DESCRIPTION | QTY | RATE | AMOUNT |
|---|---|---|---|
| Refurbished Motorola MC55A Computer | 5 | 150.00 | 750.00T |
| Ticket #464967 - 5 Additional Handhelds | | | |

Thank you for your business!

Make check payable to Detroit IT.  Please include invoice # on the check.

Bank Information:
Account Name: Detroit IT
Bank Name: JP Morgan Chase
Routing Number for Wire: 021000021
Routing Number for ACH: 072000326
Account#: 598250137
SWIFT Code: CHASUS33

\*\* Client will pay interest at the rate of one and a half (1.5) percent per month or the legally permissible rate, if lower, on all amounts due and owing not paid in accordance with the due date set forth in the invoice.

| | |
|---|---|
| SUBTOTAL | 750.00 |
| TAX | 45.00 |
| TOTAL | 795.00 |

**TOTAL DUE** **$795.00**

Any and all disputes to any item must be made in writing within 5 business days from date received.



**Detroit IT**
PO Box 1411
Birmingham, MI  48012 US
(248) 530-1001
billing@detroitit.com
www.detroitmanagedit.com

**BILL TO**
Mike Musheinish
Detroit Axle
2000 Eight Mile Road
Ferndale, MI  48220 US

**INVOICE 13169**

**DATE** 12/22/2020  **TERMS** Due on receipt

**DUE DATE** 01/01/2021

| DESCRIPTION | QTY | RATE | AMOUNT |
|---|---|---|---|
| HARDWARE (ONE TIME) | | | |
| Refurbished Motorola MC55A Computer | 5 | 150.00 | 750.00T |
| Includes refurbished handheld and battery | | | |
| PROFESSIONAL SERVICES (ONE TIME) | | | |
| Professional Services - Handhelds | 3 | 110.50 | 331.50 |
| Install and configure Ozlink and dependencies | | | |
| Configure WiDi drivers | | | |
| Test Ozlink and Deliver to Mt. Elliot | | | |
| Ticket #N/A 5 Additional Handhelds & Programming | | | |

Thank you for your business!

Make check payable to Detroit IT.  Please include invoice # on the check.

Bank Information:
Account Name: Detroit IT
Bank Name: JP Morgan Chase
Routing Number for Wire: 021000021
Routing Number for ACH: 072000326
Account#: 598250137
SWIFT Code: CHASUS33

** Client will pay interest at the rate of one and a half (1.5) percent per
month or the legally permissible rate, if lower, on all amounts due and
owing not paid in accordance with the due date set forth in the invoice.

| | |
|---|---|
| SUBTOTAL | 1,081.50 |
| TAX | 45.00 |
| TOTAL | 1,126.50 |

**TOTAL DUE**  **$1,126.50**

Any and all disputes to any item must be made in writing within 5 business days from date received.

# EXHIBIT B

**STATE OF MICHIGAN**
**IN THE BUSINESS COURT FOR THE COUNTY OF OAKLAND**

| | |
|---|---|
| **AXLE OF DEARBORN, INC., D.B.A. DETROIT AXLE**, a Michigan corporation; **DETROIT AXLE, INC.**, a Michigan corporation; and **DETROIT AXLE QSSS, INC.**, a Michigan corporation, | Case No. 20-          -CB<br>Hon. |

                    Plaintiffs,

v.

**DETROIT IT, LLC**, a Michigan limited
liability company and **ERIC GRUNDLEHNER**,
an individual,

                    Defendants.

---

Jonathan H. Schwartz (P70819)
Jonathan E. Sriro (P52100)
Benjamin M. Low (P82834)
Jaffe Raitt Heuer & Weiss,PC
Attorneys for Defendants
27777 Franklin Road, Suite 2500
Southfield, MI 48034
248.351.3000
jschwartz@jaffelaw.com
jsririo@jaffelaw.com
benlow@jaffelaw.com

---

**<u>Affidavit of Dan Mayer</u>**

| | |
|---|---|
| STATE OF MICHIGAN | } |
| | } ss |
| COUNTY OF OAKLAND | } |

    I, DAN MAYER, of full age, being duly sworn according to law, upon his oath, deposes

and says:

    1.     I am the Chief Technology Officer for Auxiom.

    2.     Auxiom is Detroit Axle's IT services provider.

5111414

3.     Detroit Axle's network and computer systems are under the control of Detroit IT, whom have been dismissed as the provider of Detroit Axle's IT services, and Detroit Axle has lost access to much of the administrative functions of its IT infrastructure.

4.     Detroit IT's control of Detroit Axle's network and computer systems have made us, as Detroit Axle's IT services provider, unable to assist Detroit Axle with supporting its IT infrastructure, which negates our ability to support its operations.

5.     The current situation with Detroit Axle's IT infrastructure puts Detroit Axle's operations at risk, as we cannot validate that their current security is sufficient to protect their operations from cyber attacks and other network intrusions.

6.     We are unable to resolve existing IT issues that are present in Detroit Axle's network and computer environment, including, but not limited to printer issues and internet issues due to the lack of access that Detroit Axle has for its network and computer systems.

7.     We are unable to install new software, or update current software, onto Detroit Axle's network and computer systems due to these issues, which leaves Detroit Axle open to vulnerabilities.

8.     Should Detroit Axle's firewalls in control of Detroit IT fail or get deactivated, neither Detroit Axle nor us, as Detroit Axle's IT services provider, would be able to fix its firewall, nor troubleshoot or investigate any issues.

9.     It is our understanding that other vendors, including, but not limited to, GNT Consulting is no longer able to access Detroit Axle database in order to support Detroit Axle.

10.     Detroit Axle is currently unable to fully access its servers or make changes in its servers.

5111414

FURTHER AFFIANT SAYETH NOT.

_(signature)_

DAN MAYER

Subscribed and sworn before me

this 22 day of _January_ , 2020

_(signature)_

Printed Name: _KIMBERLY AFINZEL_

Notary Public

County of _Wayne_ State of _Michigan_

Acting in the County of _Oakland_

My Commission Expires: 3/24/21

5111414

# EXHIBIT B

This case has been designated as an eFiling case. To review a copy of
the Notice of Mandatory eFiling visit www.oakgov.com/efiling.

| | Original - Court | 2nd copy - Plaintiff |
|---|---|---|
| Approved, SCAO | 1st copy - Defendant | 3rd copy - Return |

| **STATE OF MICHIGAN** | **SUMMONS** | **CASE NO.** |
|---|---|---|
| **JUDICIAL DISTRICT** | | 2021-185911-CB |
| Sixth **JUDICIAL CIRCUIT** | | |
| **COUNTY PROBATE** | | JUDGE MICHAEL 2021- CB WARREN |

| Court address | Court telephone no. |
|---|---|
| 1200 North Telegraph Road, Pontiac, MI | (248) 858-1000 |

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| Axle of Dearborn d/b/a Detroit Axile | v | Eric Grundlehner 200 E. Brown Street Birmingham, MI 48009 |

Plaintiff's attorney, bar no., address, and telephone no.
JAFFE RAITT HEUER & WEISS, P.C.
Jonathan H. Schwartz (P 70819) Jonatha E. Sriro
(P52100) Benjamin M. Low (P82834)
27777 Franklin Road, #2500, Southfield, MI 48034
(248) 351-3000

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☒ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk. | **SUMMONS** |

**NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:

1. You are being sued.

2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).

3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date | Court clerk |
|---|---|---|
| 1/22/2021 | 04/23/2021 | Lisa Brown |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

| **MC 01** (9/19) **SUMMONS** | MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105 |

FILED Received for Filing Oakland County Clerk 1/22/2021 3:59 PM

| **PROOF OF SERVICE** | **SUMMONS** |
| --- | --- |
| | Case No.     2021-     CB |

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ **OFFICER CERTIFICATE** <br> I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:    (notarization not required) | OR | ☐ **AFFIDAVIT OF PROCESS SERVER** <br> Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), that:    (notarization required) |
| --- | --- | --- |

☐ I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____

List all documents served with the summons and complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
| --- | --- | --- |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
| --- | --- | --- |
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee <br> $ | Miles traveled | Fee <br> $ | | Signature |
| --- | --- | --- | --- | --- |
| Incorrect address fee <br> $ | Miles traveled | Fee <br> $ | **TOTAL FEE** <br> $ | Name (type or print) |
| | | | | Title |

Subscribed and sworn to before me on _____, _____ County, Michigan.

Date

My commission expires: _____  Signature: _____

Date                                           Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____

Attachments

_____ on _____

Day, date, time

_____ on behalf of _____.

Signature

This case has been designated as an eFiling case. To review a copy of the Notice of Mandatory eFiling visit www.oakgov.com/efiling.

Original - Court
1st copy - Defendant
2nd copy - Plaintiff
3rd copy - Return

Approved, SCAO

| STATE OF MICHIGAN | | CASE NO. |
|---|---|---|
| Sixth JUDICIAL DISTRICT JUDICIAL CIRCUIT COUNTY PROBATE | **SUMMONS** | 2021-185911-CB 2021-      CB JUDGE MICHAEL WARREN |

Court address
1200 North Telegraph Road, Pontiac, MI

Court telephone no.
(248) 858-1000

Plaintiff's name(s), address(es), and telephone no(s).
Axle of Dearborn d/b/a Detroit Axile

v

Defendant's name(s), address(es), and telephone no(s).
IT Detroit. LLC
200 E. Brown Street
Birmingham,  MI  48009

Plaintiff's attorney, bar no., address, and telephone no.
JAFFE RAITT HEUER & WEISS, P.C.
Jonathan H. Schwartz (P 70819) Jonatha E. Sriro
(P52100) Benjamin M. Low (P82834)
27777 Franklin Road, #2500, Southfield, MI 48034
(248) 351-3000

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☒ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____Court, where

it was given case number _____ and assigned to Judge _____ .

The action ☐ remains ☐ is no longer    pending.

Summons section completed by court clerk.

| **SUMMONS** |
|---|

**NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date 1/22/2021 | Expiration date 04/23/2021 | Court clerk Lisa Brown |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**MC 01**    (9/19)    **SUMMONS**

MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

FILED    Received for Filing    Oakland County Clerk    1/22/2021 3:59 PM

| PROOF OF SERVICE | SUMMONS |
| | Case No.   2021-   CB |

TO PROCESS SERVER:  You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons.  You must make and file your return with the court clerk.  If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ **OFFICER CERTIFICATE** | OR | ☐ **AFFIDAVIT OF PROCESS SERVER** |
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:    (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), that:    (notarization required) |

☐ I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____

List all documents served with the summons and complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled | Fee $ | TOTAL FEE $ | Name (type or print) |
| | | | | Title |

Subscribed and sworn to before me on _____, _____ County, Michigan.

Date

My commission expires: _____ Signature: _____

Date                                                    Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____

Attachments

_____ on _____

Day, date, time

_____ on behalf of _____.

Signature

# **EXHIBIT C**

Original – Court

| STATE OF MICHIGAN | NOTICE OF ASSIGNMENT TO THE | CASE NO. |
|---|---|---|
| 6TH JUDICIAL CIRCUIT | BUSINESS COURT | 2021-185911-CB |
| COUNTY OF OAKLAND | | CB |
| | | JUDGE MICHAEL WARREN |

**Court address**
1200 N Telegraph Rd    Pontiac, MI  48341

**Court telephone no.**
248-858-0345

| Plaintiff's name(s), address(es), and telephone number(s) | | Defendant's name(s), address(es), and telephone number(s) |
|---|---|---|
| Axle of Dearborn, Inc., d/b/a Detroit Axle, a Michigan corporation, Detroit Axle, Inc., a Michigan corporation and Detroit Axle QSSS, Inc., a Michigan corporation | v | Detroit IT, LLC, a Michigan LLC and Eric Grundlehner, an Individual |

| Plaintiff's attorney, bar no., address, telephone no., and email address | Defendant's attorney, bar no., address, telephone no., and email address |
|---|---|
| Jonathan H. Schwartz (P70819) Jonathan E. Sriro (P52100) Benjamin M. Low (P82834 Jaffe Raitt Heuer & Weiss PC, 27777 Franklin Rd., Suite 2500, Southfield, MI  48034 248.351.3000 | n/a |

The ☑ Plaintiff ☐ Defendant  requests assignment of the above captioned matter to the Business Court.  The case qualifies for the Business Court and the matter should be identified as Business Court eligible pursuant to MCL 600.8031, MCL 600.8035, and LAO 2013-xx as indicated below. (Check all that apply.)

The case is a qualifying business or commercial dispute as defined by MCL 600.8031(1)(c) as:

☐ All of the parties are business enterprises;

☑ One or more of the parties is a business enterprise and the other parties are its or their present or former owners, managers, shareholders, members of a limited liability company or similar business organization, directors, officers, agents, employees, suppliers, guarantors of a commercial loan, or competitors, and the claims arise out of those relationships.

☐ One of the parties is a nonprofit organization and the claims arise out of that party's organizational structure, governance, or finances.

The business or commercial dispute involves:

☐ The sale, merger, purchase, combination, dissolution, liquidation, structure, governance, or finances of a business enterprise.

☑ Information technology, software, or website development, maintenance or hosting;

☐ The internal organization of business entities and the rights or obligations of shareholders, partners, members, owners, officers, directors, or managers;

☑ Contractual agreements or other business dealings, including licensing, trade secret, intellectual property, antitrust, securities, noncompete, nonsolicitation, and confidentiality agreements if all available administrative remedies are completely exhausted, including, but not limited to, alternative dispute resolution processes prescribed in the agreements;

☑ Commercial transactions, including commercial bank transactions;

☐ Business or commercial insurance policies; and/or

☐ Commercial real property.

☐ Other:(Please explain)

January 22, 2021
_____
Date

/s/ Benjamin Low
_____
Name

Attorney for: Plaintiffs
_____

OCBC 01 (10/17) **NOTICE OF ASSIGNMENT TO THE BUSINESS COURT**

FILED    Received for Filing    Oakland County Clerk    1/22/2021 3:59 PM