# **EXHIBIT 11**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

AXLE OF DEARBORN, INC., d/b/a
DETROIT AXLE, a Michigan corporation;
DETROIT AXLE, INC., a Michigan corporation;
and DETROIT AXLE QSSS, INC., a Michigan
corporation,

   Plaintiffs,

v.

DETROIT IT, LLC, and ERIC
GRUNDLEHNER.,

   Defendants.

Case No. 21-cv-10163
Hon. Stephanie Dawkins Davis
Magistrate Anthony P. Patti

---

### DECLARATION OF DEFENDANT ERIC GRUNDLEHNER

The undersigned, being first duly sworn, declares as follows:

1. I am over the age of eighteen and competent to make this declaration.

2. I am the owner and managing member of Detroit IT, LLC.

3. I have personal knowledge of the facts stated herein and in Defendants'
response to Plaintiffs' motion for emergency temporary restraining order (ECF No.
8) and am willing and competent to so testify.

4. On or about April 28, 2020, Plaintiffs, through Michael McCauley,
signed a Price Quote with Detroit IT for various IT services and equipment.

1

5.     This contract is subject to Detroit IT's terms and conditions published on Detroit IT's website.  A true and accurate copy of the Terms and Conditions as they appear on Detroit IT's website are included in Defendants' Exhibit 1.

6.     After receiving Plaintiffs' termination letter (Exhibit 5), Michael Musheinesh contacted me by telephone and advised me that Plaintiffs did not intend to transition to Auxiom for IT services, but wanted Detroit IT to continue to provide services on a "COD" basis to avoid any large invoices.

7.     I agreed and confirmed via text message on December 7, 2020, that Plaintiffs would restore Detroit IT's access to its systems.

8.     Plaintiffs immediately began sending Help Tickets and other service requests to Detroit IT.

9.     Detroit IT would not be able to perform any of the requested services without access to Plaintiffs' computers, networks, and systems.

10.    Despite having authorized access to Plaintiffs' computers, networks, and systems, Detroit IT has never improperly intercepted, diverted, copied, or reviewed any of Plaintiffs' communications.

11.    After December 18, 2020, Detroit IT no longer had access to Plaintiffs' email systems.

12.    Detroit IT categorically denies all allegations of wrongdoing in Plaintiffs' filings.

2

13.    The text messages, emails, help tickets, and other communications attached as exhibits to Defendants' response are the true and accurate copies of those communications.

14.    I have read Defendants' response to Plaintiffs' emergency motion for temporary restraining order (ECF No. 8) and the factual allegations therein are true to the best of my knowledge, information, and belief.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 27, 2021

Detroit IT, LLC
By: Eric Grundlehner
Its: Owner and Managing Member

3