UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

AXLE OF DEARBORN, INC., d/b/a
DETROIT AXLE, a Michigan corporation;
DETROIT AXLE, INC., a Michigan corporation;
and DETROIT AXLE QSSS, INC., a Michigan
corporation,

                                Case No. 21-cv-10163

    Plaintiffs,                Hon. Stephanie Dawkins Davis
                                  Magistrate Anthony P. Patti

v.

DETROIT IT, LLC, and ERIC
GRUNDLEHNER.,

    Defendants.

---

**<u>DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S VERIFIED COMPLAINT</u>**

**ANSWER**

NOW COME Defendants Detroit IT, LLC ("Detroit IT") and Eric Grundlehner (together "Defendants"), by and through their attorneys, and in Answer to Plaintiff's Verified Complaint (ECF No. 8-2, PageID 411-474) state as follows:

1.     Defendants deny the allegations in this paragraph as untrue. For further response, Defendants state that Plaintiff filed this lawsuit in bad faith to avoid payment of its contractual obligations owed to Defendants.

2.     Defendants deny the allegations in this paragraph as untrue. For further response, Defendants state that Plaintiff's alleged decision to "utilize" a new IT

management provider was necessary because Plaintiff owes Defendants in excess of $185,000.00 for past services and equipment and cannot afford to pay Defendants.

3.      Defendants deny the allegations in this paragraph as untrue.  For further response, Defendants state that Plaintiff's "new IT management provider," Auxiom, improperly accessed Plaintiff's network and computer systems.

4.      Defendants deny the allegations in this paragraph as untrue.

5.      Defendants deny the allegations in this paragraph as untrue.

6.      Defendants deny the allegations in this paragraph as untrue.

7.      Defendants deny the allegations in this paragraph as untrue.

8.      Defendants deny the allegations in this paragraph as untrue.

9.      Defendants deny the allegations in this paragraph as untrue.

10.     Defendants deny the allegations in this paragraph as untrue.

11.     Defendants deny the allegations in this paragraph as untrue.  For further response, Defendants state that Plaintiff filed this lawsuit in bad faith to avoid payment of its contractual obligations owed to Defendants.

12.     Defendants deny the allegations in this paragraph as untrue.  For further response, Defendants state that Plaintiff's request for a temporary restraining order is baseless and was resolved by the parties' stipulation (ECF No. 24).

13.     Defendants deny the allegations in this paragraph as untrue.  For further response, Defendants state that Plaintiff's request for an injunction is baseless and was resolved by the parties' stipulation (ECF No. 24).

### Parties, Jurisdiction, and Venue

14.     Defendants lack sufficient knowledge or information upon which to base a response to this paragraph and so neither admit nor deny same and leave Plaintiff to its strict proofs.

15.     Admitted only that Defendant Detroit IT, LLC, is a Michigan limited liability company located in Oakland County, Michigan.

16.     Admitted only that Defendant Eric Grundlehner conducts business in Oakland County, Michigan.

17.     Defendants removed this case to this Court from the Oakland County Circuit Court on January 25, 2021 (ECF No. 1), and admit that this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1367(a).

18.     Defendants removed this case to this Court from the Oakland County Circuit Court on January 25, 2021 (ECF No. 1) and admit that venue is proper in this Court pursuant to 28 U.S.C. § 1391.

19.     In response to the allegations in paragraph 19, Defendants state that designation as a business or commercial dispute under MCL § 600.8031 is not relevant or applicable in this Court.

## <u>Response to "General Allegations"</u>

20.     Defendants lack sufficient knowledge or information upon which to base a response to this paragraph and so neither admit nor deny same and leave Plaintiff to its strict proofs.

21.     Defendants lack sufficient knowledge or information upon which to base a response to this paragraph and so neither admit nor deny same and leave Plaintiff to its strict proofs.

22.     Defendants lack sufficient knowledge or information upon which to base a response to this paragraph and so neither admit nor deny same and leave Plaintiff to its strict proofs.

23.     Defendants lack sufficient knowledge or information upon which to base a response to this paragraph and so neither admit nor deny same and leave Plaintiff to its strict proofs.

24.     Defendants lack sufficient knowledge or information upon which to base a response to this paragraph and so neither admit nor deny same and leave Plaintiff to its strict proofs.

25.     Defendants lack sufficient knowledge or information upon which to base a response to this paragraph and so neither admit nor deny same and leave Plaintiff to its strict proofs.

26.     In the manner and form alleged, Defendants deny the allegations in this paragraph as untrue.  Defendants admit only that Plaintiff contracted with Detroit IT, LLC, for IT managed services in April 2020 for its Michigan facilities pursuant to Price Quote 21372 and the Terms and Conditions incorporated therein.

27.     In the manner and form alleged, Defendants lack sufficient knowledge or information upon which to base a response to this paragraph and so neither admit nor deny same and leave Plaintiff to its strict proofs.  For further response, Defendants state that the contracted-for services and equipment are identified in the Price Quotes executed by Plaintiff from April 2020 to December 2020, as well as additional requests made by Plaintiff after December 7, 2020.

28.     In the manner and form alleged, Defendants lack sufficient knowledge or information upon which to base a response to this paragraph and so neither admit nor deny same and leave Plaintiff to its strict proofs.  For further response, Defendants state that their obligations regarding transition services or services following termination or expiration of the parties' contract are governed by the Terms and Conditions incorporated into the Price Quotes.

29.     Defendants deny the allegations in this paragraph as untrue.  For further response, Defendants state that Plaintiff executed several written contracts in the form of the Price Quotes with Detroit IT, LLC, from April 2020 to December 2020, all of which incorporate the Terms and Conditions referenced in the Price Quotes.

5

30.     In the manner and form alleged, Defendants deny the allegations in this paragraph as untrue.  For further response, Defendants state that they did not have access to Plaintiff's "entire IT infrastructure," including but not limited to portions of the system installed or managed by previous IT providers or Plaintiff's in-house IT provider.

31.     In the manner and form alleged, Defendants admit only that Plaintiff executed Price Quotes from April 2020 to December 2020 thereby agreeing to be bound by the Terms and Conditions found on Detroit IT's website. Defendants deny any further allegations contained in this paragraph as untrue.  For further response, Defendants state that Plaintiff executed Price Quotes from April 2020 to December 2020, and failed to pay the majority of Detroit IT, LLC's invoices.  Defendants further dispute that the invoices attached to Plaintiff's Complaint as Exhibit A were all paid in full.

32.     Defendants admit only that Plaintiff paid Detroit IT, LLC, approximately $173,270.95 for equipment and services Plaintiff contracted for with Detroit IT, LLC.  Plaintiff currently owes Detroit IT, LLC, in excess of $185,000.00 for equipment and services rendered.

33.     In the manner and form alleged, Defendants lack sufficient knowledge or information upon which to base a response to this paragraph and so neither admit nor deny same and leave Plaintiff to its strict proofs.  For further response,

6

Defendants state that Detroit IT, LLC, purchased and installed certain equipment in Plaintiff's facilities as stated in the Price Quotes and invoices.

34.   Defendants deny the allegations in this paragraph as untrue.

35.   In the manner and form alleged, Defendants lack sufficient knowledge or information upon which to base a response to this paragraph and so neither admit nor deny same and leave Plaintiff to its strict proofs.   For further response, Defendants state that Plaintiff's December 7, 2020 correspondence from counsel is self-explanatory.   To the extent this paragraph contains allegations or statements inconsistent with Plaintiff's December 7, 2020 correspondence, the same are denied as untrue.

36.   In the manner and form alleged, Defendants lack sufficient knowledge or information upon which to base a response to this paragraph and so neither admit nor deny same and leave Plaintiff to its strict proofs.   To the extent this paragraph contains allegations or statements inconsistent with Plaintiff's December 7, 2020 correspondence, the same are denied as untrue.

37.   Defendants deny the allegations in this paragraph as untrue.   For further response, Defendants state that Plaintiff's purported to be "transitioning" to a new IT management provider was necessary because Plaintiff owes Defendants in excess of $185,000.00 for past services and equipment and cannot afford to pay Defendants.

38.     Defendants lack sufficient knowledge or information upon which to base a response to this paragraph and so neither admit nor deny same and leave Plaintiff to its strict proofs.

39.     Defendants lack sufficient knowledge or information upon which to base a response to this paragraph and so neither admit nor deny same and leave Plaintiff to its strict proofs.

40.     Defendants lack sufficient knowledge or information upon which to base a response to this paragraph and so neither admit nor deny same and leave Plaintiff to its strict proofs.  To the extent this paragraph contains allegations of wrongdoing on the part of Defendants, the same are denied as untrue.

41.     Defendants lack sufficient knowledge or information upon which to base a response to this paragraph and so neither admit nor deny same and leave Plaintiff to its strict proofs.  To the extent this paragraph contains allegations of wrongdoing on the part of Defendants, the same are denied as untrue.

42.     Defendants lack sufficient knowledge or information upon which to base a response to this paragraph and so neither admit nor deny same and leave Plaintiff to its strict proofs.  To the extent this paragraph contains allegations of wrongdoing on the part of Defendants, the same are denied as untrue.

43.     Defendants lack sufficient knowledge or information upon which to base a response to this paragraph and so neither admit nor deny same and leave

Plaintiff to its strict proofs. To the extent this paragraph contains allegations of wrongdoing on the part of Defendants, the same are denied as untrue. The allegation that Plaintiff "no longer had control over its internet and/or network security" is denied as untrue.

44.     Defendants lack sufficient knowledge or information upon which to base a response to this paragraph and so neither admit nor deny same and leave Plaintiff to its strict proofs. To the extent this paragraph contains allegations of wrongdoing on the part of Defendants, the same are denied as untrue.

45.     Defendants deny the allegations in this paragraph as untrue.

46.     Defendants deny the allegations in this paragraph as untrue.

47.     Defendants deny the allegations in this paragraph as untrue.

48.     Defendants deny the allegations in this paragraph as untrue.

49.     Defendants deny the allegations in this paragraph as untrue.

50.     Defendants deny the allegations in this paragraph as untrue.

51.     Defendants deny the allegations in this paragraph as untrue.

52.     Defendants deny the allegations in this paragraph as untrue.

53.     Defendants deny the allegations in this paragraph as untrue.

54.     Defendants deny the allegations in this paragraph as untrue.

55.     Defendants deny the allegations in this paragraph as untrue.

56.     Defendants deny the allegations in this paragraph as untrue.

57.    Defendants deny the allegations in this paragraph as untrue.

58.    Defendants deny the allegations in this paragraph as untrue.

59.    Defendants deny the allegations in this paragraph as untrue.

### Response to COUNT I – Breach of Contract (Detroit IT)

60.    Defendants repeat and re-allege those answers given above as if fully restated herein.

61.    Defendants admit that Detroit IT, LLC, began providing services and equipment to Plaintiff in April of 2020 pursuant to the terms of the Price Quote executed by Plaintiff on or about April 28, 2020, and the Terms and Conditions incorporated therein.

62.    In the manner and form alleged, Defendants lack sufficient knowledge or information upon which to base a response to this paragraph and so neither admit nor deny same and leave Plaintiff to its strict proofs.  For further response, Defendants state that parties' agreement is stated in the written Price Quotes and Terms and Conditions incorporated therein.  To the extent this paragraph contains allegations that Defendants are or were bound by any other contractual obligation to Plaintiff, the same are denied as untrue.

63.    In the manner and form alleged, Defendants lack sufficient knowledge or information upon which to base a response to this paragraph and so neither admit nor deny same and leave Plaintiff to its strict proofs.  For further response,

Defendants state that parties' agreement is stated in the written Price Quotes and Terms and Conditions incorporated therein.  To the extent this paragraph contains allegations that Defendants are or were bound by any other contractual obligation to Plaintiff, the same are denied as untrue.

64.    Defendants deny the allegations in this paragraph as untrue.

65.    Defendants deny the allegations in this paragraph as untrue.

66.    In the manner and form alleged, Defendants lack sufficient knowledge or information upon which to base a response to this paragraph and so neither admit nor deny same and leave Plaintiff to its strict proofs.  For further response, Defendants state that the parties' agreement is stated in the written Price Quotes and Terms and Conditions incorporated therein.  To the extent this paragraph contains allegations that Defendants are or were bound by any other contractual obligation to Plaintiff, the same are denied as untrue.

67.    In the manner and form alleged, Defendants lack sufficient knowledge or information upon which to base a response to this paragraph and so neither admit nor deny same and leave Plaintiff to its strict proofs.  For further response, Defendants state that Plaintiff's December 7, 2020 correspondence from counsel is self-explanatory.  To the extent this paragraph contains allegations or statements inconsistent with Plaintiff's December 7, 2020 correspondence, the same are denied as untrue.

11

68.     Defendants deny the allegations in this paragraph as untrue.

69.     Defendants deny the allegations in this paragraph as untrue.

70.     Defendants deny the allegations in this paragraph as untrue.

WHEREFORE, Defendants respectfully request this Honorable Court DISMISS Plaintiff's Complaint (ECF No. 8-2, PageID 411-474) in its entirety, award Defendants their costs and attorney fees so wrongfully incurred in having to respond to Plaintiff's frivolous claims, and such other and further relief as is consistent with equity and good conscience.

**Response to <u>COUNT II – Breach of Contract (Detroit IT)</u>**

71.     Defendants repeat and re-allege those answers given above as if fully restated herein.

72.     In the manner and form alleged, Defendants lack sufficient knowledge or information upon which to base a response to this paragraph and so neither admit nor deny same and leave Plaintiff to its strict proofs.

73.     In the manner and form alleged, Defendants deny the allegations in this paragraph as untrue.  For further response, Defendants state that the parties' agreement is stated in the written Price Quotes and Terms and Conditions incorporated therein.  To the extent this paragraph contains allegations that Defendants are or were bound by any other contractual obligation to Plaintiff, the same are denied as untrue.

74.    In the manner and form alleged, Defendants deny the allegations in this paragraph as untrue.   For further response, Defendants state that the parties' agreement is stated in the written Price Quotes and Terms and Conditions incorporated therein.   To the extent this paragraph contains allegations that Defendants are or were bound by any other contractual obligation to Plaintiff, the same are denied as untrue.

75.    Defendants deny the allegations in this paragraph as untrue.

76.    Defendants deny the allegations in this paragraph as untrue.

77.    Defendants deny the allegations in this paragraph as untrue.

WHEREFORE, Defendants respectfully request this Honorable Court DISMISS Plaintiff's Complaint (ECF No. 8-2, PageID 411-474) in its entirety, award Defendants their costs and attorney fees so wrongfully incurred in having to respond to Plaintiff's frivolous claims, and such other and further relief as is consistent with equity and good conscience.

## Response to COUNT III – Fraud and/or Misrepresentation
## (Detroit IT and Grundlehner)

78.    Defendants repeat and re-allege those answers given above as if fully restated herein.

79.    Defendants lack sufficient knowledge or information upon which to base a response to this paragraph and so neither admit nor deny same and leave

Plaintiff to its strict proofs.  To the extent this paragraph contains allegations of wrongdoing on the part of Defendants, the same are denied as untrue.

80.    Defendants lack sufficient knowledge or information upon which to base a response to this paragraph and so neither admit nor deny same and leave Plaintiff to its strict proofs.  To the extent this paragraph contains allegations of wrongdoing on the part of Defendants, the same are denied as untrue.

81.    Defendants deny the allegations in this paragraph as untrue.

82.    Defendants deny the allegations in this paragraph as untrue.

83.    Defendants deny the allegations in this paragraph as untrue.

84.    Defendants deny the allegations in this paragraph as untrue.

85.    Defendants deny the allegations in this paragraph as untrue.

86.    Defendants deny the allegations in this paragraph as untrue.

WHEREFORE, Defendants respectfully request this Honorable Court DISMISS Plaintiff's Complaint (ECF No. 8-2, PageID 411-474) in its entirety, award Defendants their costs and attorney fees so wrongfully incurred in having to respond to Plaintiff's frivolous claims, and such other and further relief as is consistent with equity and good conscience.

### Response to <u>COUNT IV – Violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 (Detroit IT and Grundlehner)</u>

87.    Defendants repeat and re-allege those answers given above as if fully restated herein.

14

88.    Defendants neither admit nor deny the allegations in this paragraph because this is an improper rendition of 18 U.S.C. § 1030.

89.    Defendants deny the allegations in this paragraph as untrue.

90.    Defendants deny the allegations in this paragraph as untrue.

91.    Defendants deny the allegations in this paragraph as untrue.

92.    Defendants deny the allegations in this paragraph as untrue.

93.    Defendants deny the allegations in this paragraph as untrue.

94.    Defendants deny the allegations in this paragraph as untrue.

95.    Defendants lack sufficient knowledge or information upon which to base a response to this paragraph and so neither admit nor deny same and leave Plaintiff to its strict proofs.  To the extent this paragraph contains allegations of wrongdoing on the part of Defendants, the same are denied as untrue.

96.    Defendants deny the allegations in this paragraph as untrue.

97.    Defendants deny the allegations in this paragraph as untrue.

98.    Defendants deny the allegations in this paragraph as untrue.

99.    Defendants deny the allegations in this paragraph as untrue.

100.   Defendants deny the allegations in this paragraph as untrue.

WHEREFORE, Defendants respectfully request this Honorable Court DISMISS Plaintiff's Complaint (ECF No. 8-2, PageID 411-474) in its entirety, award Defendants their costs and attorney fees so wrongfully incurred in having to

respond to Plaintiff's frivolous claims, and such other and further relief as is consistent with equity and good conscience.

### Response to <u>COUNT V – Violation of the Federal Wiretap Act, 18 U.S.C. § 2510 *et seq* (Detroit IT and Grundlehner)</u>

101.   Defendants repeat and re-allege those answers given above as if fully restated herein.

102.   Defendants deny the allegations in this paragraph as untrue.

103.   Defendants deny the allegations in this paragraph as untrue.

104.   Defendants deny the allegations in this paragraph as untrue.

105.   Defendants deny the allegations in this paragraph as untrue.

106.   Defendants deny the allegations in this paragraph as untrue.

107.   Defendants deny the allegations in this paragraph as untrue.

108.   Defendants deny the allegations in this paragraph as untrue.

WHEREFORE, Defendants respectfully request this Honorable Court DISMISS Plaintiff's Complaint (ECF No. 8-2, PageID 411-474) in its entirety, award Defendants their costs and attorney fees so wrongfully incurred in having to respond to Plaintiff's frivolous claims, and such other and further relief as is consistent with equity and good conscience.

### Response to <u>COUNT VI – Violation of the Stored Communications Act, 18 U.S.C. § 2701 *et seq* (Detroit IT and Grundlehner)</u>

109.   Defendants repeat and re-allege those answers given above as if fully restated herein.

110.   Defendants neither admit nor deny the allegations in this paragraph because this is an improper rendition of 18 U.S.C. § 2701, *et seq.*

111.   Defendants neither admit nor deny the allegations in this paragraph because this is an improper rendition of 18 U.S.C. § 2701, *et seq.*

112.   Defendants deny the allegations in this paragraph as untrue.

113.   Defendants deny the allegations in this paragraph as untrue.

114.   Defendants lack sufficient knowledge or information upon which to base a response to this paragraph and so neither admit nor deny same and leave Plaintiff to its strict proofs.  To the extent this paragraph contains allegations of wrongdoing on the part of Defendants, the same are denied as untrue.

115.   Defendants deny the allegations in this paragraph as untrue.

116.   Defendants deny the allegations in this paragraph as untrue.

117.   Defendants deny the allegations in this paragraph as untrue.

118.   Defendants deny the allegations in this paragraph as untrue.

119.   Defendants deny the allegations in this paragraph as untrue.

WHEREFORE, Defendants respectfully request this Honorable Court DISMISS Plaintiff's Complaint (ECF No. 8-2, PageID 411-474) in its entirety, award Defendants their costs and attorney fees so wrongfully incurred in having to

respond to Plaintiff's frivolous claims, and such other and further relief as is consistent with equity and good conscience.

### Response to <u>COUNT VII – Injunctive Relief (Detroit IT and Grundlehner)</u>

120.   Defendants repeat and re-allege those answers given above as if fully restated herein.

121.   In the manner and form alleged, Defendants lack sufficient knowledge or information upon which to base a response to this paragraph and so neither admit nor deny same and leave Plaintiff to its strict proofs.   For further response, Defendants state that Plaintiff owed Detroit IT, LLC, in excess of $185,000.00 for services and equipment.

122.   In the manner and form alleged, Defendants lack sufficient knowledge or information upon which to base a response to this paragraph and so neither admit nor deny same and leave Plaintiff to its strict proofs.

123.   In the manner and form alleged, Defendants lack sufficient knowledge or information upon which to base a response to this paragraph and so neither admit nor deny same and leave Plaintiff to its strict proofs.   To the extent this paragraph contains allegations of wrongdoing on the part of Defendants, the same are denied as untrue.

124.   Defendants deny the allegations in this paragraph as untrue.

125.   Defendants deny the allegations in this paragraph as untrue.

126.   Defendants deny the allegations in this paragraph as untrue.

127.   Defendants deny the allegations in this paragraph as untrue.

128.   In the manner and form alleged, Defendants lack sufficient knowledge or information upon which to base a response to this paragraph and so neither admit nor deny same and leave Plaintiff to its strict proofs.  To the extent this paragraph contains allegations of wrongdoing on the part of Defendants, the same are denied as untrue.

129.   In the manner and form alleged, Defendants lack sufficient knowledge or information upon which to base a response to this paragraph and so neither admit nor deny same and leave Plaintiff to its strict proofs.  To the extent this paragraph contains allegations of wrongdoing on the part of Defendants, the same are denied as untrue.

130.   In the manner and form alleged, Defendants lack sufficient knowledge or information upon which to base a response to this paragraph and so neither admit nor deny same and leave Plaintiff to its strict proofs.  To the extent this paragraph contains allegations of wrongdoing on the part of Defendants, the same are denied as untrue.

131.   Defendants deny the allegations in this paragraph as untrue.

132.   Defendants deny the allegations in this paragraph as untrue.  For further response, Defendants state that Plaintiff's claim for injunctive relief in in Count VII

herein is baseless and was resolved pursuant to the parties' stipulated order (ECF No.   ).

WHEREFORE, Defendants respectfully request this Honorable Court DISMISS Plaintiff's Complaint (ECF No. 8-2, PageID 411-474) in its entirety, award Defendants their costs and attorney fees so wrongfully incurred in having to respond to Plaintiff's frivolous claims, and such other and further relief as is consistent with equity and good conscience.

### Response to <u>COUNT VIII – Injunctive Relief (Detroit IT and Grundlehner)</u>

133. Defendants repeat and re-allege those answers given above as if fully restated herein.

134. Defendants deny the allegations in this paragraph as untrue.

135. Defendants deny the allegations in this paragraph as untrue.

136. Defendants deny the allegations in this paragraph as untrue.

137. Defendants deny the allegations in this paragraph as untrue.

138. Defendants deny the allegations in this paragraph as untrue.

139. Defendants deny the allegations in this paragraph as untrue.

WHEREFORE, Defendants respectfully request this Honorable Court DISMISS Plaintiff's Complaint (ECF No. 8-2, PageID 411-474) in its entirety, award Defendants their costs and attorney fees so wrongfully incurred in having to

respond to Plaintiff's frivolous claims, and such other and further relief as is consistent with equity and good conscience.

**Response to <u>COUNT IX – Request for Declaratory Relief (Detroit IT)</u>**

140.   Defendants repeat and re-allege those answers given above as if fully restated herein.

141.   Defendants deny the allegations in this paragraph as untrue.

142.   Defendants deny the allegations in this paragraph as untrue.

143.   Defendants deny the allegations in this paragraph as untrue.  For further response, Defendants stated that the parties' rights and obligations are set forth in the parties' written agreement comprised of the Price Quotes and Terms and Conditions incorporated therein.

144.   Defendants deny the allegations in this paragraph as untrue.  For further response, Defendants stated that the parties' rights and obligations are set forth in the parties' written agreement comprised of the Price Quotes and Terms and Conditions incorporated therein.

WHEREFORE, Defendants respectfully request this Honorable Court DISMISS Plaintiff's Complaint (ECF No. 8-2, PageID 411-474) in its entirety, award Defendants their costs and attorney fees so wrongfully incurred in having to respond to Plaintiff's frivolous claims, and such other and further relief as is consistent with equity and good conscience.

**Response to <u>COUNT X – Unjust Enrichment (Detroit IT)</u>**

145.   Defendants repeat and re-allege those answers given above as if fully restated herein.

146.   In the manner and form alleged, Defendants lack sufficient knowledge or information upon which to base a response to this paragraph and so neither admit nor deny same and leave Plaintiff to its strict proofs.

147.   Defendants deny the allegations in this paragraph as untrue.

148.   Defendants deny the allegations in this paragraph as untrue.

149.   Defendants deny the allegations in this paragraph as untrue.

WHEREFORE, Defendants respectfully request this Honorable Court DISMISS Plaintiff's Complaint (ECF No. 8-2, PageID 411-474) in its entirety, award Defendants their costs and attorney fees so wrongfully incurred in having to respond to Plaintiff's frivolous claims, and such other and further relief as is consistent with equity and good conscience.

**Response to <u>COUNT XI – Common Law and Statutory Conversion (Detroit IT and Grundlehner)</u>**

150.   Defendants repeat and re-allege those answers given above as if fully restated herein.

151.   Defendants deny the allegations in this paragraph as untrue.

152.   Defendants deny the allegations in this paragraph as untrue.

153.   Defendants deny the allegations in this paragraph as untrue.

154.   Defendants deny the allegations in this paragraph as untrue.

155.   Defendants deny the allegations in this paragraph as untrue.

WHEREFORE, Defendants respectfully request this Honorable Court DISMISS Plaintiff's Complaint (ECF No. 8-2, PageID 411-474) in its entirety, award Defendants their costs and attorney fees so wrongfully incurred in having to respond to Plaintiff's frivolous claims, and such other and further relief as is consistent with equity and good conscience.

### Response to <u>COUNT XII – Civil Conspiracy (Detroit IT and Grundlehner)</u>

156.   Defendants repeat and re-allege those answers given above as if fully restated herein.

157.   Defendants deny the allegations in this paragraph as untrue.

158.   Defendants deny the allegations in this paragraph as untrue.

159.   Defendants deny the allegations in this paragraph as untrue.

160.   Defendants deny the allegations in this paragraph as untrue.

WHEREFORE, Defendants respectfully request this Honorable Court DISMISS Plaintiff's Complaint (ECF No. 8-2, PageID 411-474) in its entirety, award Defendants their costs and attorney fees so wrongfully incurred in having to respond to Plaintiff's frivolous claims, and such other and further relief as is consistent with equity and good conscience.

### AFFIRMATIVE DEFENSES

NOW COME Defendants Detroit IT, LLC ("Detroit IT") and Eric Grundlehner (together "Defendants"), by and through their attorneys, and for their Affirmative Defenses to Plaintiff's Verified Complaint (ECF No. 8-2, PageID 411-474) state as follows:

1.      Defendants deny the allegations in this paragraph as untrue.  For further response, Defendants state that Plaintiff filed this lawsuit in bad faith to avoid payment of its contractual obligations owed to Defendants.

2.      Plaintiff's Verified Complaint is subject to dismissal, in whole or in part, for the reason that Plaintiff failed to sufficiently plead a cause of action in accordance with state and/or federal rules.

3.      Plaintiff's Verified Complaint is subject to dismissal, in whole or in part, for Plaintiff's failure to state a claim for which relief may be granted.

4.      Plaintiff's contract claims are barred by its own prior breaches and defaults.

5.      Plaintiff's contract claims are barred to the extent they are based on terms that do not appear in the parties' written agreement consisting of the Price Quotes and Terms and Conditions incorporated therein.

6.      Plaintiff's claims are subject to dismissal because Defendants' actions were expressly authorized and agreed to by the parties pursuant to the terms of their written agreement.

7.    Plaintiff failed to sufficiently plead a claim for fraud under Fed. R. Civ. P. 9(b).

8.    Plaintiff's fraud claim is barred because Plaintiff failed to plead reasonable reliance under the standard established in *Nieves v. Bell Industries*, 204 Mich. App 459, 517 N.W.2d 235 (1994).

9.    Plaintiff's claim under the Computer Fraud and Abuse Act is barred because Plaintiff did not revoke Defendants' access to its systems and Defendants' access was authorized by Plaintiff.

10.    Plaintiff's claims for injunctive relief are moot following entry of the parties' stipulated order (ECF No. 24).

11.    Plaintiff's request for declaratory relief is barred because there is no controversy among the parties regarding the terms of the parties' agreement, which consists of the Price Quotes, Terms and Conditions, and other signed writings.

12.    Plaintiff's claim for unjust enrichment is barred because there is a written agreement regarding the same subject matter.

13.    Plaintiff's claim for conversion is barred because Plaintiff failed to identify any tangible personal property allegedly converted by Defendants.

14.    Plaintiff's claim for civil conspiracy is barred by the intra-corporate conspiracy doctrine.

15.     Plaintiff's claims may be barred, in whole or in part, by the doctrines of estoppel, waiver, and/or laches.

16.      Plaintiff's equitable claims are barred by Plaintiff's own inequitable conduct and unclean hands.

17.     Plaintiff's claims may be barred, in whole or in part, by the statute of frauds.

18.     Plaintiff's claims may be barred, in whole or in part, by the statute of limitations and/or repose.

19.     Plaintiff's claims may be barred, in whole or in part, by Plaintiff's admission that it owes Detroit IT, LLC, $100,000.00.

20.     Plaintiff's claims are subject to dismissal, in whole or in part, based upon the doctrines of unclean hands, promissory estoppel, laches, equitable estoppel, comparative negligence, immunity, assumption of the risk, compromise and settlement, release, and failure to mitigate its damages.

21.     Plaintiff's claims are subject to dismissal, in whole or in part, by the Economic Loss Rule/Doctrine.

22.     Plaintiff's claims against Eric Grundlehner are subject to dismissal for Plaintiff's failure to allege any fact that would warrant piercing the corporate veil.

23.     Defendants reserve the right to alter, amend or supplement these Affirmative Defenses, and to bring any counterclaims, cross claims and/or third

party claims, during or upon the completion of discovery, said reservations being necessary because the allegations in Plaintiff's Verified Complaint do not offer sufficient specifics to notify said Defendants of the nature of the claims being made against them.

WHEREFORE, Defendants respectfully request this Honorable Court DISMISS Plaintiff's Complaint (ECF No. 8-2, PageID 411-474) in its entirety, award Defendants their costs and attorney fees so wrongfully incurred in having to respond to Plaintiff's frivolous claims, and such other and further relief as is consistent with equity and good conscience.

Respectfully submitted,

By: /s/ *David W. Warren*
David W. Warren (P32449)
Peter W. Joelson (P51468)
Emily Warren (P76675)
Joelson Rosenberg, PLC
30665 Northwestern Hwy., Ste 200
Farmington Hills, MI 48334
(248) 626-9966 fax: (248) 855-2388
dwarren@jrlawplc.com
pwj@jrlawplc.com
ewarren@jrlawplc.com

Dated: February 19, 2021

## **<u>PROOF OF SERVICE</u>**

The undersigned certifies that on February 19, 2021, the foregoing document was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses as disclosed on the pleadings via the Court's ECF system.

Dated: February 19, 2021                          /s/ Emily R. Warren
                                                           Emily R. Warren