UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

AXLE OF DEARBORN, INC. d/b/a
DETROIT AXLE, DETROIT AXLE,
INC., and DETROIT AXLE QSSS, INC.,

      Plaintiffs,

v.

DETROIT IT, LLC, and ERIC
GRUNDLEHNER,

      Defendants,

and

DETROIT IT, LLC,

      Counter-Plaintiff,

v.

AXLE OF DEARBORN, INC. d/b/a
DETROIT AXLE, DETROIT AXLE,
INC., DETROIT AXLE QSSS, INC., and
MOUHAMED MUSHEINESH,

      Counter-Defendants.

Case No. 21-cv-10163

Honorable Gershwin A. Drain
Magistrate Judge Anthony P. Patti

_____

## **DEFENDANTS'/COUNTER-PLAINTIFF'S OMNIBUS MOTION FOR PROTECTIVE ORDER AND OBJECTIONS TO SUBPOENAS**

Defendant/Counter-Plaintiff Detroit IT, LLC and Defendant Eric Grundlehner ("Detroit IT" or "Defendants"), by and through their attorneys, Varnum LLP, hereby moves this Court pursuant to Fed. R. Civ. P. 26(c)(1) for entry of a protective order. In support of this motion, Defendants rely on the accompanying brief.

Pursuant to Local Rule 7.1(a), Defendants' counsel sought concurrence from Plaintiffs' counsel with respect to the relief sought in this motion on Thursday, July 27.  Pursuant to Fed. R. Civ. P. 26(c)(1), Defendants also certify that they have made a good faith attempt to confer with Plaintiffs' counsel in an effort to resolve the dispute without court action.  The parties were unable to agree on the terms of the relief sought in the instant motion and accompanying brief, thus necessitating this motion.

WHEREFORE, for the reasons stated more fully in the accompanying brief, Defendants respectfully request that this Court enter a protective order permitting Defendants to first review any produced documents in order to extract documents unrelated to Plaintiffs, award reasonable attorneys' fees and costs, and grant any additional relief this Court deems just and equitable.

Respectfully submitted,

Varnum LLP
*Attorneys for Defendants/Counter-Plaintiff*

Dated: August 3, 2023          By:    */s/ Bradley S. Defoe*
                                      Bradley S. Defoe (P70233)
                                      Marisa K. McConnell (P86697)

2

480 Pierce Street, Suite 300
Birmingham, MI 48009
(248) 567-7800
bsdefoe@varnumlaw.com
mkmcconnell@varnumlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

AXLE OF DEARBORN, INC. d/b/a
DETROIT AXLE, DETROIT AXLE,
INC., and DETROIT AXLE QSSS, INC.,

      Plaintiffs,

v.

DETROIT IT, LLC, and ERIC
GRUNDLEHNER,

      Defendants,

and

DETROIT IT, LLC,

      Counter-Plaintiff,

v.

AXLE OF DEARBORN, INC. d/b/a
DETROIT AXLE, DETROIT AXLE,
INC., DETROIT AXLE QSSS, INC., and
MOUHAMED MUSHEINESH,

      Counter-Defendants.

Case No. 21-cv-10163

Honorable Gershwin A. Drain
Magistrate Judge Anthony P. Patti

_____

**DEFENDANTS/COUNTER-PLAINTIFF'S BRIEF IN SUPPORT OF**
**OMNIBUS MOTION FOR PROTECTIVE ORDER**
**AND OBJECTIONS TO SUBPOENAS**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................6

STATEMENT OF ISSUE PRESENTED .........................................................8

CONTROLLING OR MOST APPROPRIATE AUTHORITY .......................9

I.      INTRODUCTION AND BACKGROUND ...................................10

II.     LAW AND ARGUMENT ...............................................................13

        A.      Governing Legal Standard ...................................................13

        B.      Plaintiffs' Vendor Subpoenas Result in Harassment and Annoyance of Defendants by Requiring the Production of Documents Relating to Defendants' Other Clients. .....................................................14

        C.      Plaintiffs' Vendor Subpoenas Request the Disclosure of Proprietary and Commercial Information. ....................................................16

CONCLUSION...............................................................................................17

# TABLE OF AUTHORITIES

**Cases**

*Bush v. Dictaphone Corp.*,
    161 F.3d 363, 366 (6th Cir. 1998) ................................................................14

*Chem. & Indus. Corp. v. Druffel*,
    301 F.2d 126, 129 (6th Cir. 1962) ...............................................................14

*Elvis Presley Enterprises, Inc. v. Elvisly Yours, Inc.*,
    936 F.2d 889, 894 (6th Cir. 1991) ...............................................................14

*Recycled Paper Greetings, Inc. v. Davis*,
    2008 WL 440458, No. 1:08-MC-13, Issued Feb. 13, 2008) ................. 15, 16

*Seattle Times Co. v. Rhinehart*,
    467 U.S. 20, 36 (1984) ................................................................................13

**Other Authorities**

Black's Law Dictionary (11th ed. 2019) ................................................................14

**Rules**

Fed. R. Civ. P. 26 .....................................................................................................9

Fed. R. Civ. P. 26(b)(1) ...........................................................................................9

Fed. R. Civ. P. 26(c)(1) ..................................................................................... 13, 17

Fed. R. Civ. P. 26(c)(1)(D) ....................................................................................13

Fed. R. Civ. P. 26(c)(3) ..........................................................................................17

Fed. R. Civ. P. 37(a)(5) ..........................................................................................17

Fed. R. Civ. P. 45 .....................................................................................................9

Fed. R. Civ. P. 45(d)(3)(A) ...................................................................................9, 14

Fed. R. Civ. P. 45(d)(3)(A)(iii), (iv) .......................................................................9

Fed. R. Civ. P. 45(d)(3)(A), (B) .............................................................................16

Fed. R. Civ. P. 45(d)(3)(B) ...................................................................9, 14

## <u>STATEMENT OF ISSUE PRESENTED</u>

Whether the Court should enter a protective order permitting Defendants to first review the produced documents in order to extract documents unrelated to Plaintiffs.

**Defendants answer**: Yes

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITY</u>

The controlling or most appropriate authorities as to the issue presented are Fed. R. Civ. P. 45 and Fed. R. Civ. P. 26. As with all discovery, the requesting party may only obtain information relevant to the claims and defenses in the case. *See* Fed. R. Civ. P. 26(b)(1). Pursuant to Fed. R. Civ. P. 45(d)(3)(A), "the court must quash or modify a subpoena that…requires disclosure of privileged or other protected matter… or subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii), (iv). Additionally, a court in the district where compliance is required may quash or modify a subpoena if it requires "disclosing a trade secret or other confidential research, development, or *commercial information*." Fed. R. Civ. P. 45(d)(3)(B) (emphasis added).

## I.   <u>INTRODUCTION AND BACKGROUND</u>

On July 12, 2023, Plaintiffs issued eight subpoenas to the following entities: Xerox Corporation ("Xerox"), *see* **Exhibit** 1; Dell, Inc. ("Dell"), *see* **Exhibit 2**; Zebra Technologies Corporation ("Zebra Technologies"), *see* **Exhibit 3**; VMWare, Inc. ("VMWare"), *see* **Exhibit 4**; Cisco Meraki / Meraki, LLC ("Cisco Meraki"), *see* **Exhibit 5**; iTernity GmbH ("iTernity"), *see* **Exhibit 6**; and Ubiquiti, Inc. ("Ubiquiti") *see* **Exhibit 7**; and Microsoft Corporation ("Microsoft"), *see* **Exhibit 8** (collectively referred to as "Vendor Subpoenas").  The eight entities subpoenaed by Plaintiffs are vendors that Defendants work with in providing information technology services and equipment to all of Defendants' customers.  In the Vendor Subpoenas, Plaintiffs make various requests for access to records relating to Defendants' purchases of products and services.  *See id.* Many of the requests are completely unrelated to Plaintiffs and have absolutely no bearing on any of the issues in this case.  *See id*.

Defendants object to the Vendor Subpoenas on the following grounds:

First, Defendants object to the extent that the definitions and instructions accompanying the subpoenas are inconsistent with and not authorized by the Federal Rules of Civil Procedure.

Second, Defendants object to the extent the definitions and instructions accompanying the subpoenas are vague, ambiguous, and overly broad.

Third, Defendants object to the extent the subpoenas seek information and documents not relevant or reasonably calculated to lead to the discovery of admissible evidence.

Fourth, Defendants object to the extent the subpoenas are oppressive, overly broad and unduly burdensome, and not reasonably limited in time, scope, and subject matter.

Fifth, Defendants object to the extent the subpoenas seek information and documents which are commercial information, confidential, proprietary, or business or trade secrets.

Most of the requests made in Plaintiffs' various subpoenas request information pertaining to Defendants' other customers and business dealings, which is not only inappropriate but clearly exceeds the scope of this litigation.  To be precise, across Plaintiffs' eight subpoenas, **52 of the 87 requests are not at all tailored towards information pertaining to Plaintiffs**.[1] In all eight of their subpoenas, Plaintiffs make the following identical requests:

> **All communications** between You and the company commonly known as **DETROIT IT and/or DETROIT IT, LLC**, from April 1, 2020 through March 1, 2021.

> **All communications** between You and **Eric Grundlehner** from April 1, 2020 through March 1, 2021.

---

[1] The 52 unrelated requests have been highlighted in Exhibits 1 through 8.

11

> **All communications** between You and any e-mail address originating from the **DETROIT IT.com domain**, from April 1, 2020 through March 1, 2021.
>
> **All documents** related to the purchase of products from You…by the company commonly known as **Detroit IT and/or Detroit IT, LLC**, from April 1, 2020 through March 1, 2021.
>
> **All documents** related to the purchase of products from You…by any company which utilized the address **200 E. Brown St, Birmingham, MI 48009**,[2] from April 1, 2020 through March 1, 2021.

*See* Exhibit 1, requests 1-4, 6; Exhibit 2, requests 1-5; Exhibit 3, requests 1-4, 6; Exhibit 4, requests 5-10; Exhibit 5, requests 5-9, 11-13; Exhibit 6, requests 5-9, 11-13; 5-9, 11-13; Exhibit 7, requests 5-9, 11-13; Exhibit 8, requests 8, 10-14 (emphasis added).

Defendants purchase equipment and services from the vendors subpoenaed by Plaintiffs on behalf of their other clients as well.  The vendors will be unable to make that distinction, though, as they typically do not know the identity of the customer for whom Defendants are purchasing equipment and services. As a result, some of the requests made in the Vendor Subpoenas will inevitably result in the production of materials pertaining to Defendants' various other clients, not just Plaintiffs. Defendants expressed this concern to Plaintiffs on July 27, 2023, and attempted to reach a compromise that satisfied both parties in order to avoid the need for court

---

[2] Defendants' address is 200 E. Brown Street, Birmingham, Michigan 48009.

intervention. Unfortunately, Plaintiffs and Defendants were unable to reach consensus on how to address Defendants' concerns.

Accordingly, Defendants are seeking entry of a protective order pertaining to the Vendor Subpoenas. Specifically, any documents produced in response to the subpoenas should be provided first to Defendants so they may extract documents and information pertaining to Defendants' various other clients before Plaintiffs are permitted to review the subpoenaed materials.

## II.   LAW AND ARGUMENT

### A. GOVERNING LEGAL STANDARD

This Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, undue burden, or expense by limiting the discovery a party is entitled to conduct. Fed. R. Civ. P. 26(c)(1). "Rule 26(c) confers broad discretion on [a] trial court to decide when a protective order is appropriate and what degree of protection is required" and "[t]he unique character of the discovery process requires that [a] trial court have *substantial latitude* to fashion protective orders." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) (emphasis added).

Rule 26(c)(1) allows for a protective order precluding any type of discovery for "good cause," including, "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(D). In

the context of a protective order, "good cause" simply means a "legally sufficient reason." *See* Good Cause, Black's Law Dictionary (11th ed. 2019).  The Court has broad discretion in this regard. *See Bush v. Dictaphone Corp*., 161 F.3d 363, 366 (6th Cir. 1998); *Chem. & Indus. Corp. v. Druffel*, 301 F.2d 126, 129 (6th Cir. 1962) ("Under the rules, the extent of discovery and the use of protective orders is clearly within the discretion of the trial judge.").  The Sixth Circuit has held that issuance of a protective order is appropriate where there is "some evidence" that discovery was intended to "harass and annoy" the person from whom discovery is sought. *Elvis Presley Enterprises, Inc. v. Elvisly Yours, Inc*., 936 F.2d 889, 894 (6th Cir. 1991).

"On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: . . . (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). Additionally, a court in the district where compliance is required may quash or modify a subpoena if it requires "disclosing a trade secret or other confidential research, development, or *commercial information*." Fed. R. Civ. P. 45(d)(3)(B) (emphasis added).

## B. PLAINTIFFS' VENDOR SUBPOENAS RESULT IN HARASSMENT AND ANNOYANCE OF DEFENDANTS BY REQUIRING THE PRODUCTION OF DOCUMENTS RELATING TO DEFENDANTS' OTHER CLIENTS.

Defendants should have an opportunity to extract all documents pertaining to their other customers or otherwise unrelated to Plaintiffs before Plaintiffs review the subpoenaed materials because they have nothing to do with the underlying lawsuit and would simply result in the unnecessary annoyance and harassment of Defendants. Simply put, products and services ordered from these vendors for Defendants' other clients have no bearing on the claims and defenses in this case and fall outside the bounds of discovery.

In *Recycled Paper Greetings, Inc. v. Davis*, No. 1:08-MC-13, 2008 WL 440458, at *4 (N.D. Ohio Feb. 13, 2008), the court granted a non-party's motion to quash subpoenas seeking production of documents and testimony from the plaintiff's competitor. One of the bases for the court's decision in *Recycled Paper* was its finding that "the range of materials sought by the Plaintiff far exceeds the scope of the underlying lawsuit." *Id*. The court further noted that the requests were "instead attempts to gather substantial and specific information from [the subject of the subpoena] regarding its current and future business dealings with" an unrelated third party. *Id*.

The same rationale applies here. Many of the requests made in Plaintiffs' eight subpoenas would result in the production of materials that far exceed the scope of the parties' pending litigation. Production of these materials would give Plaintiffs' unfettered access to information related to Defendants' dealings with its other

15

customers.  This is none of Plaintiffs' business and has no impact on resolution of the issues in this case.

### C. PLAINTIFFS' VENDOR SUBPOENAS REQUEST THE DISCLOSURE OF PROPRIETARY AND COMMERCIAL INFORMATION.

As stated, 52 of Plaintiffs' 87 requests are in no way tailored towards the litigation at hand, nor specifically related to Plaintiffs. Rather, they seek "all documents" and "all communications" between the various vendors and Defendants. Not only would fulfilling these requests provide Plaintiffs with private customer information, but if subpoenaed documents are utilized at trial or otherwise published through a filing with the Court, this information would also become available to all of Defendants' competitors as a matter of public record.  A party is entitled to quash any request to disclose privileged or other protected information or to disclose a trade secret or other confidential or commercial information in response to a subpoena. *See* Fed. R. Civ. P. 45(d)(3)(A), (B). The Court in *Recycled Paper* also acknowledged this fact and utilized this as the basis to quash the subpoena. *See Recycled Paper Greetings, Inc.*, 2008 WL 440458, at *4.

To avoid the harm caused to Defendants from production to Plaintiffs of information related to Defendants' other customers, the Court should permit Defendants to first review any produced materials and extract all proprietary and

16

confidential customer information specific to Defendants' other clients or otherwise unrelated to Plaintiffs, and then provide Plaintiffs with the balance of the documents.

## **CONCLUSION**

WHEREFORE, Defendants respectfully request that this Court enter a protective order pursuant to Fed. R. Civ. P. 26(c)(1) permitting Defendants to first review the produced documents in order to extract documents specific to Defendants' other customers or otherwise unrelated to Plaintiffs, and then provide the remainder of the documents to Plaintiffs. In addition, pursuant to Fed. R. Civ. P. 26(c)(3) and 37(a)(5), Defendants request for the Court to require Plaintiffs to pay the attorneys' fees incurred to defend against this needless increase in litigation costs.

Respectfully submitted,

Varnum LLP
*Attorneys for Defendants/Counter-Plaintiff*

Dated: August 3, 2023      By:    */s/ Bradley S. Defoe*
                         Bradley S. Defoe (P70233)
                         Marisa K. McConnell (P86697)
                         480 Pierce Street, Suite 300
                         Birmingham, MI 48009
                         (248) 567-7800
                         bsdefoe@varnumlaw.com
                         mkmcconnell@varnumlaw.com

21507146.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 3, 2023, I electronically filed **Defendants'/Counter-Plaintiff's Omnibus Motion for Protective Order and Objections to Subpoenas and Brief in Support** with this Court using their CM/ECF system.

By:  /s/ *Bradley S. Defoe*
Bradley S. Defoe (P70233)
Marisa K. McConnell (P86697)
480 Pierce Street, Suite 300
Birmingham, MI 48009
(248) 567-7800
bsdefoe@varnumlaw.com
mkmcconnell@varnumlaw.com